DEMIANCZUK, APPELLANT, *v.*
DEMIANCZUK, APPELLEE.

(No. 46236—Decided
October 1, 1984.)

*Herbert Palkovitz,* for appellant.
*Albert E. Fowerbaugh,* for appellee.

MARKUS, P.J. Plaintiff-husband appeals from an order granting defendant-wife's motion to vacate a default divorce decree which he obtained six years earlier. He asserts that the court erred because wife's motion failed to comply with Civ. R. 60(B) and because the court previously denied it. Husband's original publication service was defective, so the court lacked jurisdiction to grant the default divorce decree. Therefore, we affirm the trial court's order vacating it.

I

The parties were married in Toronto, Canada, and lived there together for five years. Wife then left their marital home with their two children, and moved to her parents' home in Winnipeg. She obtained a Canadian court order granting the parties joint custody of their children and ordering husband to pay $10 per month child support. Husband left Toronto one year after they separated and moved to Cuyahoga County.

In 1976, husband filed this Ohio divorce action with an affidavit denying knowledge of his wife's residence despite his efforts to locate her. He made no effort to have her served personally or by mail. Instead, he caused service by publishing his complaint allegations in the Cleveland Daily Legal News for six consecutive weeks. His publication notice failed to designate any last known address for his wife.

When wife filed no answer, the court granted judgment for husband by default. The decree divested each party of any interest in personal property then possessed by the other party. It made no order for child custody because the children were reportedly beyond the court's territorial jurisdiction.

In 1978, wife sought and obtained a Canadian divorce with service on husband in Ohio. Husband failed to respond to the Canadian action or to advise wife about the previous Ohio decree. In 1980, wife attempted to increase husband's child support payments through reciprocal enforcement procedures. Ohio authorities advised her that the Ohio divorce precluded their recognition of the Canadian decree. She also wishes to enforce other parts of the Canadian divorce which parts allegedly incor-

porate terms of the parties' prenuptial agreement.

In 1982, wife filed the disputed motion to vacate the Ohio default divorce judgment on the ground that the court lacked jurisdiction to enter it. The trial court initially overruled wife's motion, but subsequently set that ruling aside and scheduled the motion for evidentiary hearing. Neither party appealed from the court's initial ruling which denied the motion to vacate or the later order rescinding that ruling.

At the evidentiary hearing, wife testified with supporting exhibits that husband sent her letters and parcels at her parents' Canadian home. She received his correspondence there from the time of their separation until well after he obtained the Ohio divorce. She received tax statements, school notices, and other mail there. Her driver's license and the City Directory for 1976 and 1977 listed her at that address. Her father corroborated her testimony that she lived there during the Ohio divorce proceedings.

Husband acknowledged that he knew his wife moved from their marital home to her parents' home. He sent her letters and parcels addressed to her parents' home, but he received no confirmation that she received them. He twice contacted the long distance telephone operator who informed him that his wife had a separate unlisted phone number.

He asked his brother to check her residence at her parents' home, and the brother advised that her parents denied him admission. The brother reportedly did not see the wife or the parties' children there. When husband filed his Ohio divorce case, he had not seen his wife for three years or received a letter from her for one year.

## II

Husband first contends that the court should not have granted wife's motion because she failed to satisfy Civ. R. 60(B) requirements. More specifically, he argues that she failed to show that her motion was timely and that she had a meritorious defense to the divorce suit. Cf. *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146 [1 O.O.3d 86]; *Adomeit* v. *Baltimore* (1974), 39 Ohio App. 2d 97 [68 O.O.2d 251].

However, wife's motion attacks the trial court's jurisdiction. A motion to vacate a void judgment need not satisfy the requirements of Civ. R. 60(B) which permits equitable relief from a jurisdictionally valid judgment. See *Associated Estates Corp.* v. *Fellows* (1983), 11 Ohio App. 3d 112, 115; *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24, 28; cf. *Grant* v. *Ivy* (1980), 69 Ohio App. 2d 40, 43 [23 O.O.3d 34].

An Ohio court has inherent power to vacate its own void judgment, irrespective of authority provided by Civ. R. 60(B). *Westmoreland* v. *Valley Homes Corp.* (1975), 42 Ohio St. 2d 291, 294 [71 O.O.2d 262]; *Lincoln Tavern* v. *Snader* (1956), 165 Ohio St. 61, 69 [59 O.O. 74].

Where the defendant's residence is known, service by publication will not suffice to establish the court's jurisdiction. Civ. R. 4.5(B). In that situation, service in a foreign country must comply with Civ. R. 4.5. Indeed, service by local publication on a foreign national who is known to reside outside the United States raises significant due process problems. Cf. *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314-318.

R.C. 3105.06 authorizes service by publication for divorce proceedings when the defendant's residence is unknown. Civ. R. 4.4(A) describes the required procedure for publication service:

"When the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by

publication can be made, an affidavit of a party or his counsel must be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant and cannot with reasonable diligence be ascertained.

"Upon the filing of the affidavit the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. * * * *The publication shall contain* the name and address of the court, the case number, the name of the first party on each side, and *the name and last known address, if any, of the person or persons whose residence is unknown.* The publication shall also contain a summary statement of the object of the complaint and demand for relief and shall notify the person to be served that he is required to answer within twenty-eight days after the last publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication.

"After the last publication, the publisher or his agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service." (Emphasis added.)

The notice of publication in this case shows that no last known address was supplied for defendant-wife. That omission made the publication notice fatally defective, if plaintiff-husband could have identified some last known address for defendant-wife. *Northland Dodge, Inc.* v. *Damachi* (1978), 56 Ohio App. 2d 262 [10 O.O.3d 273]. Provision of a last known address facilitates possible notice because some local person can more easily identify and notify the person sued. *Id.* at 264.

Plaintiff-husband unquestionably knew his wife's former address, even if he didn't know her address when he filed this suit. Additionally, the trial court could find from the evidence that plaintiff-husband knew his wife's address or failed to exercise reasonable diligence to determine it.

His affidavit created a rebuttable presumption that he could not locate her address with due diligence. *Sizemore* v. *Smith* (1983), 6 Ohio St. 3d 330, 331. However, we cannot say that the trial court lacked sufficient evidence to find that the defendant-wife rebutted that presumption. Without express findings by the trial court, we must assume every finding necessary to support the court's judgment. *In re Sublett* (1959), 169 Ohio St. 19, 20 [7 O.O.2d 487].

Consequently, there was ample basis for the trial court to conclude it lacked jurisdiction to grant the previous default judgment. Hence, the court had authority to grant wife's motion to vacate that judgment.

### III

Husband's second assignment of error complains that the disputed order followed a previous denial of the same motion and wife's subsequent withdrawal of her motion. Husband filed no appeal from the court's order rescinding its initial denial of the motion to vacate. Therefore, this court has no authority to review the propriety of that appealable order. App. R. 4(A); cf. *L.A. & D.* v. *Bd. of Commrs.* (1981), 67 Ohio St. 2d 384, 387 [21 O.O.3d 242].

The record does contain a court entry that wife withdrew her motion to vacate two days after the court rescinded its initial order denying it. It also contains a later motion by wife to strike that entry as a clerical error. See Civ. R. 60(A). The trial court made no ruling on wife's motion to strike the allegedly erroneous entry, probably because this motion followed husband's notice of appeal.

However, the court apparently believed that defendant's motion to vacate was still pending when it subsequently conducted its evidentiary hearing and granted the motion. Husband made no objection to the court's consideration of the motion at the evidentiary hearing or otherwise before the challenged order. He cannot complain here about a supposed error which he might have rectified in the trial court. Cf. *State* v. *Williams* (1977), 51 Ohio St. 2d 112 [6 O.O.3d 334], paragraph one of the syllabus.

Plaintiff-husband's assigned errors are overruled, and the trial court's order vacating its original judgment is affirmed.

*Judgment affirmed.*

JACKSON and PRYATEL, JJ., concur.