OPINION
Respondent-appellant, Michael J. Goldberg, appeals from judgments of the Warren County Court of Common Pleas, Probate Division, overruling appellant's motions challenging the validity of the adoption of his son, Marcus Jenson Goldberg (nka Gebhardt).
Marcus was born on May 1, 1993. Marcus's biological parents, Mary Kathyrn Goldberg (nka Gebhardt) and appellant were married at the time of Marcus's birth. Less than one year later, Mary and appellant divorced. Subsequently, Mary married Randal Lee Gebhardt.
On November 30, 1999, Randal filed a petition to adopt Marcus. Notice of the adoption proceeding was given by publication in The Western Star, a Warren County local newspaper. Appellant did not appear before the trial court at the adoption hearing. The trial court found appellant had failed without justifiable cause to communicate with Marcus for a period of at least one year immediately preceding the filing of the adoption petition, and therefore determined that appellant's consent to the adoption was not required. A final decree of adoption was entered on January 31, 2000.
On April 27, 2000, appellant filed a "Motion for Relief from Judgment." In this motion, appellant argued that he was never properly notified of the adoption of his son. On February 8, 2001, Randal filed a motion to compel discovery, arguing that appellant had failed to respond to interrogatories and a request for production of documents. The trial court granted the motion to compel. After finding that appellant had continued to fail to comply with discovery requests, the trial court dismissed appellant's "Motion for Relief from Judgment" with prejudice on March 1, 2001. Appellant filed a pro se "Motion for Relief from Judgment" on March 28, 2001, and filed a notice of appeal on April 4, 2001. Appellant then filed a "Motion for Summary Judgment" on April 10, 2001. Appellant's second "Motion for Relief from Judgment" and "Motion for Summary Judgment" were overruled by the trial court on April 26, 2001. Appellant appeals, raising one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN DISMISSING APPELLANT'S CIV.R. 60(B) MOTION.
 Initially, we note that the trial court did not render decisions regarding appellant's second "Motion for Relief from Judgment" and appellant's "Motion for Summary Judgment" until after appellant had filed a notice of appeal with this court. These motions contained similar legal arguments as appellant's original "Motion for Relief from Judgment." Once an appeal is taken, a trial court is divested of jurisdiction except "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt * * *." State ex rel. State Fire Marshall v. Curl (2000), 87 Ohio St.3d 568, 570, quoting State ex rel. Special Prosecutors v. Judges, Court of Common Pleas (1978), 55 Ohio St.2d 94, 97. Therefore, we will not review the trial court's resolution of any issues that occurred after the filing of the notice of appeal.
Appellant's original "Motion for Relief from Judgment" was dismissed by the trial court with prejudice. Although captioned "Motion for Relief from Judgment," it is evident that this motion is in substance a motion to vacate a void judgment because it challenges the trial court's jurisdiction. It is the substance of a motion, not the caption, which determines the nature of a motion. A motion to vacate a void judgment need not satisfy the requirements of Civ.R. 60(B), which permits equitable relief from a jurisdictionally valid judgment. Demianczuk v.Demianczuk (1984), 20 Ohio App.3d 244, 245. An Ohio court has inherent power to vacate its own void judgment irrespective of Civ.R. 60(B). Pattonv. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus; see, also, Demianczuk at 245, citing Westmoreland v. Valley Homes Corp. (1975), 42 Ohio St.2d 291, 294. Therefore, it was not incumbent upon appellant to establish a basis for relief under Civ.R. 60(B) by showing a meritorious defense. Rather, what is at issue is whether the probate court had jurisdiction over the adoption proceeding or whether it lacked such jurisdiction because the service by publication was defective.
Civ.R. 4.4(A)(1), which provides for service by publication, states in relevant part:
 [I]f the residence of a defendant is unknown, service shall be made by publication in actions where such service is authorized by law. Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence.
 Upon the filing of the affidavit, the clerk shall cause service of notice to be made by publication in a newspaper of general circulation in the county in which the complaint is filed. If no newspaper is published in that county, then publication shall be in a newspaper published in an adjoining county. The publication shall contain the name and address of the court, the case number, the name of the first party on each side, and the name and last known address, if any, of the person or persons whose residence is unknown. The publication also shall contain a summary statement of the object of the complaint and demand for relief, and shall notify the person to be served that he or she is required to answer within twenty-eight days after the publication. The publication shall be published at least once a week for six successive weeks unless publication for a lesser number of weeks is specifically provided by law. Service shall be complete at the date of the last publication.
 After the last publication, the publisher or its agent shall file with the court an affidavit showing the fact of publication together with a copy of the notice of publication. The affidavit and copy of the notice shall constitute proof of service. (Emphasis added.)
 Failure to include a last known address in service by publication where such address could have been identified results in defective service. Meadows v. Meadows (1992), 73 Ohio App.3d 316, 321-22; Demianczuk at 246; Northland Dodge, Inc. v. Damachi
(1978), 56 Ohio App.2d 262, 264. In the case sub judice, Randal filed an affidavit stating that the last known address for appellant was "unknown." However, in his motion to the trial court, appellant argues that there was a last known address for appellant. A cursory review of the record suggests that appellant's marital address, which he had during his marriage to Mary, should have been provided as a last known address.
Moreover, appellant supplied the trial court with a judgment entry from the Warren County Court of Common Pleas, Domestic Relations Division, which was filed on October 6, 1998, just thirteen months before the petition for adoption was filed. This judgment entry, in which Mary is the plaintiff and appellant is the defendant, lists appellant's current address in Cincinnati.
Ohio appellate courts have found that in cases where no last known address was included in the notice by publication and where such address was available to the party serving notice, service was fatally defective and any judgment arising therefrom was void ab initio. See Meadows at 321-322; Demianczuk at 246. Additionally, Ohio courts have held that service by publication was not proper where the current address could have been reasonably attained through due diligence. E.g., Sizemore v.Smith (1983), 6 Ohio St.3d 330; In re Adoption of Knipper (1986),30 Ohio App.3d 214.
Service is a jurisdictional requirement. We hold that it was error for the trial court to dismiss with prejudice appellant's motion that put forward jurisdictional arguments because appellant had failed to cooperate with discovery efforts concerning the merits of the main case. Even if appellant was uncooperative with such discovery requests, such behavior has no bearing on whether the probate court had jurisdiction over the adoption. Moreover, once the sufficiency of service was challenged, it became the adoptive parent's burden to show proper service of process. Therefore, we remand this matter to the trial court for a hearing to determine whether the requirements of Civ.R. 4 were complied with. Appellant's assignment of error is sustained.
Accordingly, the judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings in accordance with this opinion.
YOUNG, P.J., and POWELL, J., concur.