[Cite as *Bawab v. Bawab*, 2011-Ohio-5256.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96217

## SUSAN BAWAB
## (N.K.A. ZSUZSA CSEPANYI)

PLAINTIFF-APPELLEE

vs.

## RICHARD O. BAWAB

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Common Pleas Court
Domestic Relations Division
Case No.   D-294172

**BEFORE:**   Boyle, P.J., Jones, J., and Rocco, J.

**RELEASED AND JOURNALIZED:**     October 13, 2011

**ATTORNEYS FOR APPELLANT**

Joseph G.    Stafford
Anne C.    Fantelli
Gregory J.    Moore
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza
5th Floor
Cleveland, Ohio    44114

**ATTORNEY FOR APPELLEE**

John V.    Heutsche
John V.    Heutsche Co., L.P.A.
700 West St. Clair Avenue
Hoyt Block Building - Suite 220
Cleveland, Ohio    44113-1274

MARY J. BOYLE, P.J.:

{¶ 1}  Defendant-appellant, Richard Bawab, appeals the trial court's judgment attaching his social security benefits and issuing a capias for him.    In his sole assignment of error, he claims that the trial court lacked jurisdiction to do so because it never obtained personal jurisdiction over him.    We find no merit to his arguments and affirm.

<u>Procedural History and Factual Background</u>

{¶ 2}  The parties were divorced in April 2005 after 21 years of marriage.    As part of their separation agreement incorporated into their divorce, Bawab was to pay

plaintiff-appellee, Zsuzsa Csepanyi (f.k.a. Susan Bawab), $3,000 per month in spousal support for 24 months, and then $3,500 per month for 36 months. Csepanyi filed a motion to show cause in November 2005, claiming that Bawab had failed to pay her spousal support. Bawab filed a motion to modify spousal support in January 2006.

**{¶ 3}** In January 2009, after several hearings over several years, the trial court granted Csepanyi's motion for contempt and denied Bawab's motion to modify. In a detailed 35-page opinion, the trial court found that Bawab had only made two spousal support payments to Csepanyi since the parties' divorce, one in August 2005 and one in September 2005. After crediting Bawab a small amount for child support owed by Csepanyi to him, the trial court concluded that Bawab owed Csepanyi $98,323.27 in spousal support as of June 15, 2008. It found Bawab in contempt of court, and ordered that he be sentenced to 30 days in jail or purge his contempt by (1) paying Csepanyi $20,000 within 30 days of the order; (2) seek employment; and (3) post a cash bond of $8,500. Further, Bawab was to begin paying Csepanyi $3,570 per month, plus an additional $700 per month toward the arrearage until it was paid in full, or $4,270 per month.

**{¶ 4}** Csepanyi filed a notice with the trial court in March 2009, informing it that Bawab had done nothing to purge his contempt, nor had he paid Csepanyi the new monthly support obligation of $4,270. In December 2009, Csepanyi moved to suspend Bawab's driver's license, pharmacist's license, passport, and any other license held by

Bawab, and she further moved to attach Bawab's social security benefits, as well as his federal, state, and local income tax refunds, and any other benefits to which he was entitled to. She also filed an affidavit, asserting that Bawab had failed to purge his contempt and requesting the court issue a capias for him and impose the court's previous jail sentence.

{¶ 5} Csepanyi sent her December 2009 motion to Bawab's last known address by certified mail. It was returned as "not deliverable as addressed." Csepanyi's counsel then filed an affidavit for service by publication, averring that he had attempted to locate Bawab by contacting Bawab's adult children and former housekeeper, contacting CSEA for information, and conducting a "google" search for him. Csepanyi's counsel further averred that he "was advised that [Bawab] currently resides outside the United States," and that "plaintiff has exercised reasonable diligence to ascertain the residence of defendant."

{¶ 6} The magistrate scheduled a hearing on the matter in late August 2010. But on August 25, 2010, Bawab moved to continue that hearing due to a death in his family. The magistrate continued the hearing to November 2010.

{¶ 7} The magistrate heard Csepanyi's motion on November 9, 2010. According to the magistrate's decision, Csepanyi and her counsel appeared, as well as Bawab's counsel. But the magistrate indicated that Bawab's counsel made a "limited appearance" for Bawab, who did not appear.

{¶ 8} The magistrate found that service was duly and properly made by publication on April 16, 2010. The magistrate further found that Bawab failed to purge his contempt, and granted Csepanyi's motion to attach Bawab's social security and issued a capias for him.

{¶ 9} On November 29, 2010, Bawab's counsel moved for an extension of time to file objections to the magistrate's November 12th decision. Bawab's counsel requested a 14-day extension, until December 13, 2010. The trial court granted his extension until December 13th and ordered "no further extensions."

{¶ 10} On December 13th, Bawab filed his "preliminary objections" to the magistrate's decision. He set forth three objections: (1) the magistrate's decision was against the manifest weight of the evidence; (2) the magistrate erred by finding Bawab in contempt of court; and (3) the magistrate erred by finding that the court had obtained proper service over Bawab. Bawab's counsel further informed the trial court that he had requested a transcript of the proceedings and he moved for an extension of time "to submit supplemental objections to magistrate's decision once transcript of proceedings has been prepared and received."

{¶ 11} Eight days later, the trial court overruled Bawab's objections, adopted the magistrate's decision in its entirety, and ordered it into law. The trial court further denied his motion for another extension of time. It is from this judgment that Bawab appeals.

## Personal Jurisdiction

{¶ 12} Bawab argues that the trial court lacked personal jurisdiction over him because service by publication was not proper. He contends that Csepanyi was not believable when she testified that she did not know Bawab's address. And he maintains that "service by local publication on a foreign national who is known to reside outside the United States raises significant due process problems."

{¶ 13} For a court to acquire personal jurisdiction, there must be a proper service of summons or an entry of appearance, and a judgment entered without proper service or an entry of appearance is void. See *State ex rel. Ballard v. O'Donnell* (1990), 50 Ohio St.3d 182, 553 N.E.2d 650. "A trial court is without jurisdiction to render judgment or to make findings against a person who was not served summons, did not appear, and was not a party in the court proceedings. A person against whom such judgment and findings are made is entitled to have the judgment vacated." Id. at paragraph one of the syllabus.

{¶ 14} Civ.R. 4.4 provides that when the residence of a defendant is unknown, then "service shall be made by publication." This rule further provides: "Before service by publication can be made, an affidavit of a party or his counsel shall be filed with the court. The affidavit shall aver that service of summons cannot be made because the residence of the defendant is unknown to the affiant, all of the efforts made on behalf of

the party to ascertain the residence of the defendant, and that the residence of the defendant cannot be ascertained with reasonable diligence."

{¶ 15} In interpreting Civ.R. 4.4, the Ohio Supreme Court has stated that "[r]easonable diligence requires taking steps which an individual of ordinary prudence would reasonably expect to be successful in locating a defendant's address. Certainly a check of the telephone book or a call to the telephone company *** [or checking] the city directory, a credit bureau, county records such as auto title department or board of elections, or an inquiry of former neighbors [constitute probable sources to check]. These examples do not constitute a mandatory checklist. Rather, they exemplify that reasonable diligence requires counsel to use common and readily available sources in his search." *Sizemore v. Smith* (1983), 6 Ohio St.3d 330, 332, 453 N.E.2d 632. The Court further stated that a plaintiff's averment in an affidavit that a defendant's address cannot be ascertained with reasonable diligence creates a "rebuttable presumption that reasonable diligence was exercised." Id. at 331.

{¶ 16} Civ.R. 4.5 sets forth the procedures a plaintiff must follow to serve a defendant who lives outside the United States. Bawab maintains that Csepanyi should have followed these procedures. In support of his contention that "service by local publication on a foreign national who is known to reside outside the United States raises significant due process problems," Bawab cites to this court's decision in *Demianczuk v. Demianczuk* (1984), 20 Ohio App.3d 244, 485 N.E.2d 785. But we find Bawab's

arguments to be disingenuous — because what this court actually explained in *Demianczuk* just before that statement was:

{¶ 17} "Where the defendant's residence is *known*, service by publication will not suffice to establish the court's jurisdiction. Civ.R. 4.5(B). In that situation, service in a foreign country must comply with Civ.R. 4.5. Indeed, service by local publication on a foreign national who is known to reside outside the United States raises significant due process problems." (Emphasis added.) Id. at 245.

{¶ 18} According to the magistrate's decision, Bawab's counsel moved to strike all testimony at the hearing because he claimed that the trial court failed to obtain personal jurisdiction over Csepanyi. Bawab's counsel argued that the affidavit filed with the court for service by publication was not proper because it was Csepanyi's counsel who signed the affidavit. The magistrate correctly found, however, that under Civ.R. 4.4, either Csepanyi or her counsel could have signed the affidavit.

{¶ 19} Also, according to the magistrate's decision, Csepanyi testified that Bawab moved to Lebanon with their oldest son, Omar, approximately three years before the hearing and that he "skipped" and "he [was] a mystery in Lebanon." Csepanyi testified that Omar is back in the United States, living with her. She further testified that she did not know Bawab's address in Lebanon, but that she believed he was living in his late mother's home. But she said that she did not know that address. She also testified that she sometimes communicated with Bawab by email through her son's email account.

{¶ 20} The magistrate indicated that Bawab's counsel did not contest the fact that Bawab no longer lived in the country. Bawab's counsel did state that Bawab was "not in the U.S. but [was] in Lebanon." The magistrate then concluded that Csepanyi did not know where Bawab lived in Lebanon.

{¶ 21} In his brief, Bawab admits — although he calls it "unbelievable" — that Csepanyi testified that she *did not know* Bawab's address in Lebanon. This testimony was not refuted, and the magistrate found Csepanyi's testimony to be credible. Civ.R. 4.5 only applies when the address of the person being served is *known*. Id. When the person's address is *unknown*, then Civ.R. 4.4, service by publication, applies. Id.

{¶ 22} Csepanyi argues that Bawab did not preserve this argument for appeal because he did not raise jurisdiction in his objections to the magistrate's decision. We disagree. One of his objections was that the magistrate erred when she determined that service was perfected. We find that was sufficient to preserve the argument for purposes of appeal.

{¶ 23} Csepanyi further maintains that Bawab waived personal jurisdiction because he did not raise it at the first opportunity, namely, when he filed his motion to continue the hearing in August 2005. We find no merit to this argument either. A motion to continue does not constitute a responsive pleading as contemplated by Civ.R. 7, nor is it a motion as contemplated by Civ.R. 12(B), (G), and (H), such that it amounts to a

waiver of personal jurisdiction. See *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 464 N.E.2d 538.

**{¶ 24}** Csepanyi also argues that Bawab cannot cite to the transcript to this court because he failed to provide that transcript to the trial court. The record reflects, however, that Bawab attempted to file a transcript with the trial court, but the trial court denied his request. The trial court ruled on Bawab's objections on December 21, 2010, only eight days after he filed his timely objections on December 13th. At that time, he notified the trial court that he had requested a transcript of the proceedings be prepared and he sought an extension of time to submit supplemental objections once he received the transcript.

**{¶ 25}** Civ.R. 53(D)(3)(b)(iii) provides that when a party objects to a magistrate's factual findings, as Bawab did here, the objections "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding[.] *** *The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections* unless the court extends the time in writing for preparation of the transcript or other good cause. *If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections.*" (Emphasis supplied.)

**{¶ 26}** The Staff Note to Civ.R. 53 states:

{¶ 27} "Sentence two of Civ.R. 53(D)(3)(b)(iii) adds a new requirement, adapted from Loc.R. 99.05, Franklin Cty. Ct. Of Common Pleas, that the requisite transcript or affidavit be filed within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.   The last sentence of Civ.R. 53(D)(3)(b)(iii) allows an objecting party to seek leave of court to supplement previously filed objections where the additional objections become apparent after a transcript has been prepared."

{¶ 28} Thus, we find that the trial court improperly overruled Bawab's objections to the magistrate's factual finding without allowing him the thirty days in which to obtain and file a transcript of the hearing before the magistrate that Civ.R. 53(D)(3)(b)(iii) permits.   *In re B.B.*, 8th Dist. No. 95872, 2011-Ohio-2928, ¶10; see, also, *DeFrank-Jenne v. Pruitt*, 11th Dist. No. 2008-L-156, 2009-Ohio-1438, ¶12, citing *Cavo v. Cavo*, 4th Dist. No. 05CA14, 2006-Ohio-928, ¶26 ("where the trial court denied appellant's objections based on his failure to file a supporting transcript or affidavit when appellant still had four days under the statute to file such supporting documentation, *** the trial court acted unreasonably and therefore abused its discretion").   The trial court's action also denied Bawab the opportunity afforded by Civ.R. 53(D)(3)(b)(iii) to seek leave of court to supplement his objection after a transcript was timely filed.

{¶ 29} Bawab, however, has not assigned this (the trial court denying him the opportunity to file a transcript) as an error for our review.   Therefore, we may notice the

court's error only under the plain error doctrine. "[I]n appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the judicial process itself." *Goldfuss v. Davidson* (1997), 79 Ohio St.3d 116, 122-123, 679 N.E.2d 1099.

**{¶ 30}** We find no plain error. Bawab does not cite to anything in the transcript that would affect the outcome of this opinion.

**{¶ 31}** Accordingly, we find the trial court did not abuse its discretion when it adopted the magistrate's decision since it was supported by competent, credible evidence that Csepanyi did not know Bawab's address in Lebanon — indeed, it was the *only* evidence presented. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 461 N.E.2d 1273.

**{¶ 32}** Thus, we overrule Bawab's single assignment of error.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, J., and
KENNETH A. ROCCO, J., CONCUR