[Cite as *BAC Home Loans Servicing, LP v. Mapp*, 2013-Ohio-2968.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P., | : | CASE NO. CA2013-01-001 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>7/8/2013 |
| - vs - | : | |
| | : | |
| CURTIS MAPP, | : | |
| Defendant-Appellant. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010-09-4025


Laurito & Laurito, LLC, Colette S. Carr, 7550 Paragon Road, Dayton, Ohio 45459, for plaintiff-appellee

Law Office of Joseph C. Lucas, LLC, Tyler W. Kahler, P.O. Box 36736, Canton, Ohio 44735, for defendant-appellant


**M. POWELL, J.**

{¶ 1} Defendant-appellant, Curtis Mapp, appeals a decision of the Butler County Court of Common Pleas denying his Civ.R. 60(B) motion for relief from judgment.

{¶ 2} In July 2008, Mapp executed a promissory note in favor of Countrywide Bank, SFB, in the principal amount of $284,200. The note was secured by a mortgage which designated Mapp as mortgagor, and Mortgage Electronic Registration Systems, Inc. (MERS)

as mortgagee. MERS was identified in the mortgage as a corporation acting "solely as nominee for [Countrywide] * * * and [Countrywide's] successors and assigns." The promissory note does not mention MERS. On May 28, 2010, MERS, "acting solely as nominee for Countrywide," assigned the mortgage and promissory note to plaintiff-appellee, BAC Home Loans Servicing, L.P., f.k.a. Countrywide Home Loans Servicing, L.P. (BAC). Effective July 1, 2011, BAC was merged into Bank of America, N.A.[1]

{¶ 3} On September 28, 2010, BAC filed a complaint against Mapp and Jane Doe, the unknown spouse of Mapp, demanding judgment on the note in the amount of $276,924.21 plus late fees and interest, and seeking foreclosure of the property. Ten days later, Mapp filed a letter in the trial court which the trial court construed as an answer to BAC's complaint. On September 28, 2011, BAC moved for default judgment against Doe and for summary judgment against Mapp. Neither Mapp nor Doe responded to BAC's motions. On November 2, 2011, the trial court granted BAC's motions for default judgment and summary judgment, entered a judgment in favor of BAC in the amount of $276,924.21 plus interest, and ordered the sale of the property. Mapp's subsequent pro se motion to dismiss was overruled by the trial court.

{¶ 4} On October 25, 2012, Mapp filed a motion for relief from judgment pursuant to Civ.R. 60(B)(1), (3), and (5). Mapp asserted three meritorious defenses: (1) he was not properly credited with some of the mortgage payments he made; (2) documents attached to BAC's complaint were forged, altered, or tampered with; and (3) BAC lacked standing to bring the foreclosure action and/or was not the real party in interest.

{¶ 5} Mapp asserted that his neglect of the case was excusable under Civ.R. 60(B)(1). Mapp also asserted that given the forgery, alteration, or tampering of the

---

1. By entry filed on September 28, 2011, the trial court substituted "Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P." as the plaintiff.

documents attached to BAC's complaint, he was entitled to relief under Civ.R. 60(B)(3). Finally, Mapp challenged the amount of damages awarded by the trial court to BAC, pursuant to Civ.R. 60(B)(5), on the ground the award was not supported by the record.

{¶ 6} On December 5, 2012, the trial court denied Mapp's Civ.R. 60(B) motion without a hearing. The trial court found that although the motion was filed within a reasonable time, Mapp failed to establish he had meritorious defenses, and he was not entitled to relief under Civ.R. 60(B)(1), (3), or (5).

{¶ 7} Mapp appeals, raising three assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(1), WHICH ASSERTED THAT CURTIS MAPP HAD EXCUSABLY NEGLECTED THE CASE AND HAD MERITORIOUS DEFENSES TO PRESENT IF RELIEF WAS GRANTED, INCLUDING (1) THAT THE AMOUNT OF THE JUDGMENT WAS IN EXCESS OF ANY AMOUNT OWED, (2) THAT PLAINTIFF LACKED STANDING OR WAS NOT THE REAL PARTY IN INTEREST, AND (3) THAT THE MORTGAGE AND NOTE DOCUMENTS WERE FORGED OR TAMPERED WITH TO THE EXTENT THAT THE DOCUMENTS PURPORT TO PERTAIN TO MORE THAN ONE PARCEL OF LAND.

{¶ 10} Mapp argues the trial court's denial of his Civ.R. 60(B)(1) motion was an abuse of discretion because his neglect of the case was excusable and he presented three meritorious defenses, including that BAC lacked standing to bring the foreclosure action and/or was not the real party in interest. In its decision, the trial court rejected this defense as follows:

> Finally, Mapp asserts that he has a meritorious defense because BAC "lacks standing and/or is not the real party in interest." He alleges that the mortgage was assigned to BAC on May 28,

2010, which "was after Countrywide FSB had been converted into a national bank and merged into Bank of America, NA." Therefore, according to Mapp, Countrywide was out of exist[e]nce at the time of the purported assignment. This argument presupposes, however, that Countrywide Bank, FSB was the transferor. According to the evidence in the record, the deed to the property at issue was assigned by Mortgage Electronic Registration Systems, Inc. ("MERS") to BAC. Mapp has made no allegation with regard to MERS. Therefore, BAC's alleged lack of standing does not constitute a meritorious defense.

{¶ 11} We note that although Mapp's Civ.R. 60(B) motion was captioned "Motion for Relief from Judgment," the portion of his motion challenging BAC's standing was in substance a motion to vacate a void judgment because it challenged the trial court's jurisdiction. *See In re Adoption of Goldberg*, 12th Dist. No. CA2001-04-026, 2001 WL 1079032 (Sept. 17, 2001) (construing a motion for relief from judgment as a motion to vacate a void judgment for lack of jurisdiction). A motion to vacate a void judgment need not satisfy the requirements of Civ.R. 60(B), which permits equitable relief from a jurisdictionally valid judgment. *Id.* at *2, citing *Demianczuk v. Demianczuk*, 20 Ohio App.3d 244, 245 (8th Dist.1984). An Ohio court has inherent power to vacate its own void judgment irrespective of Civ.R. 60(B). *Patton v. Diemer*, 35 Ohio St.3d 68 (1988), paragraph four of the syllabus; *Demianczuk* at 245. Therefore, it was not incumbent upon Mapp to establish a basis for relief under Civ.R. 60(B) by showing a meritorious defense. Rather, what is at issue is whether the trial court had jurisdiction over the foreclosure proceeding or whether it lacked such jurisdiction because BAC lacked standing to file the foreclosure complaint. *See Goldberg.*

{¶ 12} In a recent decision involving a foreclosure action, the Ohio Supreme Court held that standing is jurisdictional, and that because standing to sue is required to invoke the jurisdiction of the common pleas court, standing is to be determined as of the filing of the complaint. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-

- 4 -

5017, ¶ 22, 24, 27. The court emphasized that Civ.R. 17(A), which requires actions to be prosecuted in the name of the real part in interest, does not address standing but rather, simply concerns proper party joinder. *Id.* at ¶ 33. Accordingly, "a lack of standing at the outset of litigation cannot [subsequently] be cured by receipt of an assignment of the claim." *Id.* at ¶ 41. Likewise, "a common pleas court cannot substitute a real party in interest for another party if no party with standing has invoked its jurisdiction in the first instance." *Id.* at ¶ 38.

{¶ 13} In the case at bar, Mapp alleged that BAC lacked standing to file the foreclosure complaint because Countrywide no longer existed when the mortgage was assigned to BAC. The trial court rejected Mapp's allegation on the ground it was MERS, not Countrywide, that assigned the mortgage to BAC. However, as Mapp notes, the assignment of mortgage clearly states: "(MERS) Mortgage Electronic Registration Systems, Inc., *acting solely as nominee for Countrywide Bank, FSB,* * * * does hereby sell, assign, transfer, and set over unto BAC Home Loans Servicing, LP * * * a certain mortgage deed * * * together with the Promissory Note[.]" (Emphasis added.) The trial court's decision does not address Mapp's allegation that Countrywide no longer existed when MERS, "*acting solely as nominee for Countrywide,*" assigned the mortgage to BAC. There is no evidence in the record as to when Countrywide ceased to exist and/or was merged into Bank of America.

{¶ 14} We therefore reverse the trial court's finding that "BAC's alleged lack of standing does not constitute a meritorious defense" and remand the case to the trial court for a hearing to determine BAC's standing to sue, and correspondingly whether the trial court had jurisdiction over the foreclosure proceedings. On remand, the trial court must determine whether MERS had the authority to assign the mortgage and/or the note as the nominee for Countrywide in light of the claim that Countrywide was no longer in existence when the mortgage was assigned to BAC. In this regard, we observe that *Schwartzwald* only requires

a party to establish an interest in either the note or the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action. *Schwartzwald*, 2012-Ohio-5017 at ¶ 28.

{¶ 15} In light of the foregoing, we decline to address whether Mapp's neglect of the case was excusable under Civ.R. 60(B)(1). We also decline to address his two other meritorious defenses (that he was not properly credited with some of the mortgage payments he made, and that documents attached to BAC's complaint were forged, altered, or tampered with). Mapp's first assignment of error is sustained to the extent indicated.

{¶ 16} Assignment of Error No. 2:

{¶ 17} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(3) WHERE FRAUD, MISREPRESENTATION AND/OR MISCONDUCT OF AN ADVERSE PARTY IS PRESENT BASED UPON THE PURPORTED MORTGAGE OF TWO PARCELS, WHERE THE MORTGAGE WAS TO BE FOR ONLY ONE PARCEL, AS DEMONSTRATED BY THE SECOND PAGE OF THE OPEN-END MORTGAGE.

{¶ 18} Assignment of Error No. 3:

{¶ 19} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(5), WHICH CHALLENGED THE AMOUNT OF THE JUDGMENT.

{¶ 20} Given our holding on Mapp's first assignment of error, we decline to address his second and third assignments of error as they are not ripe for review at this time. If, upon remand, the trial court determines that BAC had standing to file the foreclosure complaint, Mapp may appeal that decision and renew his arguments pertaining to the trial court's denial of his Civ.R. 60(B) motion, and in particular, the trial court's ruling on his several Civ.R. 60(B) claims and meritorious defenses.

{¶ 21} Judgment reversed and remanded for further proceedings in accordance with this opinion.

RINGLAND, P.J., and S. POWELL, J., concur.