[Cite as *Bank of New York Mellon v. Putman*, 2014-Ohio-1796.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|   |   |   |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | |
| Plaintiff-Appellee, | : | CASE NO.   CA2012-12-267 |
| | : | O P I N I O N |
| - vs - | | 4/28/2014 |
| | : | |
| MARYANN J. PUTMAN, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV12-02-0551


Manley Deas Kochalski, LLC, Michael Carleton, P.O. Box 165028, Columbus, Ohio 43216-5028, for plaintiff-appellee

Dann, Doberdruk & Harshman, Marc Dann, Grace Doberdruk, 4600 Prospect Avenue, Cleveland, Ohio 44103, for defendants-appellants, Maryann J. Putman and James Putman

Sara Hirka, 300 High Street, Suite 704, P.O. Box 747, Hamilton, Ohio 45012, for defendant, Charleston Wood Homeowners Association


**S. POWELL, J.**

{¶ 1}   Defendants-appellants, Maryann J. Putman and James Putman, appeal from the decision of the Butler County Court of Common Pleas granting summary judgment to plaintiff-appellee, Bank of New York Mellon, f/k/a Bank of New York, as Trustee for the Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-6 Mortgage

Pass-Through Certificates, Series 2006-6 (Bank of New York Mellon).  The Putmans also appeal from the trial court's decision denying their motion to strike the affidavit of Suzanne Szymoniak.  For the reasons outlined below, we affirm.

{¶ 2}   On January 26, 2006, Mrs. Putman executed a promissory note in favor of Countrywide Home Loans, Inc., in the amount of $540,000 for the purchase of a home located at 5543 Charleston Woods Drive, Liberty Township, Butler County, Ohio (Property). The note was secured by a mortgage that designated the Putmans as the borrowers, Countrywide Home Loans as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee.  According to the mortgage documents, MERS was acting as a nominee for Countrywide Home Loans, as well as any of its successors and assigns.  The Putmans both initialed and signed the mortgage documents.   The mortgage was subsequently recorded on February 6, 2006.

{¶ 3}   Approximately five years later, the Putmans defaulted on the mortgage and a letter noticing that default was sent to the Putmans on May 17, 2011.  Thereafter, on November 28, 2011, MERS assigned the mortgage to Bank of New York Mellon.  The assignment was then recorded on December 1, 2011.  On February 8, 2012, Bank of New York Mellon filed a complaint for foreclosure on the Property.  Attached to the complaint was the note signed by Mrs. Putman that was indorsed in blank by David A. Spector, the managing director of Countrywide Home Loans. The assignment of the mortgage to Bank of New York Mellon, as well as a copy of the mortgage itself, was also attached to the complaint.

{¶ 4}   On October 19, 2012, Bank of New York Mellon filed a motion for summary judgment.  Included with the motion was an affidavit from Suzanne Szymoniak, an officer of Bank of America, N.A., the servicing agent for the mortgage, as well as a copy of both the note and the mortgage.  Szymoniak's affidavit also included a copy of the May 17, 2011 letter

sent to the Putmans noticing their default on the mortgage. The Putmans then filed a motion in opposition to Bank of New York Mellon's motion for summary judgment and a motion to strike Szymoniak's affidavit. After holding a hearing on the matter, the trial court denied the Putmans' motion to strike and granted summary judgment in favor of Bank of New York Mellon.

{¶ 5} The Putmans now appeal from the trial court's decisions denying their motion to strike Szymoniak's affidavit and granting summary judgment to Bank of New York Mellon, raising two assignments of error for review.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE TRIAL COURT ERRED BY NOT GRANTING APPELLANT'S MOTION TO STRIKE THE AFFIDAVIT OF SUZANNE SZYMONIAK.

{¶ 8} In their first assignment of error, the Putmans argue the trial court erred by denying their motion to strike Szymoniak's affidavit attached to Bank of New York Mellon's motion for summary judgment. We disagree.

{¶ 9} The determination of a motion to strike is within the trial court's broad discretion. *Ireton v. JTD Realty Invests., L.L.C.*, 12th Dist. Clermont No. CA2010-04-023, 2011-Ohio-670, ¶ 19. A trial court's ruling on a motion to strike will be not reversed on appeal absent an abuse of that discretion. *Wells Fargo v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 13, citing *State ex rel. Ebbing v. Ricketts*, 133 Ohio St.3d 339, 2012-Ohio-4699, ¶ 13. A decision constitutes an abuse of discretion when it is unreasonable, arbitrary, or unconscionable. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, ¶ 11.

{¶ 10} The Putmans initially argue the trial court erred by failing to strike Szymoniak's affidavit because Bank of New York Mellon did not attach any payment records to the affidavit evidencing their default on the mortgage. In support of this claim, the Putmans cite

- 3 -

our decision in *Third Federal S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, wherein this court stated, in pertinent part, the following:

> We sustain Farno's first assignment of error as paragraphs five, six, and seven of Third Federal's affidavit should have been stricken because its summary judgment motion was not supported as provided in Civ.R. 56(E), when no documentation referenced in those portions of the affidavit were attached to or served with the affidavit to show default of payment and payment history.
>
> * * *
>
> We do not suggest that Third Federal was required to attach every document in its file on Farno's note, but Third Federal needed to attach or serve with its affidavit some document or documents material to the issues in this case, to wit, the default in payment and applicable portions of the payment history.

(Internal citations omitted.) *Id.* at ¶ 10 and 11.

{¶ 11} According to the Putmans, our holding in *Farno* stands for the proposition that the inclusion of payment records is a mandatory component of an affidavit in support of a motion for summary judgment in a foreclosure action. Such an interpretation, however, extends our holding in *Farno* well-beyond its intended boundaries. Rather, our holding in *Farno* merely stands for the general principle that "[w]hen an affiant relies on documents in his affidavit and does not attach those documents, the portions of the affidavit that reference those documents must be stricken." *Wells Fargo v. Smith*, 12th Dist. Brown No. CA2012-04-006, 2013-Ohio-855, ¶ 17, citing *Farno* at ¶ 10. A review of Szymoniak's affidavit reveals that this simply did not happen here. This is particularly true given that the May 17, 2011 letter that specifically notified the Putmans they were in default on the mortgage was included in Szymoniak's affidavit, as well as the fact that the Putmans failed to provide any evidence to dispute Szymoniak's averments contained in her affidavit regarding the amount they owed on the loan. The Putmans' first argument is therefore without merit and overruled.

{¶ 12} Next, the Putmans argue the trial court erred by failing to strike Szymoniak's

affidavit because she was an officer of Bank of America, N.A., the servicing agent for the mortgage, and not an employee for Bank of New York Mellon. However, the Putmans have not cited to any authority holding as much, nor has our own research uncovered any case law that would support such a contention. Rather, a review of the case law reveals that affidavits from servicing agents are routinely used to support a motion for summary judgment in a foreclosure action. *See U.S. Bank, Natl. Assn. v. Zokle*, 6th Dist. Erie No. E-13-033, 2014-Ohio-636, ¶ 24 (stating "[c]ourts have in many cases allowed a representative of a bank's loan servicer to establish that the bank holds the note at issue"); *Regions Bank v. Seimer*, 10th Dist. Franklin No. 13AP-542, 2014-Ohio-95, ¶ 19 (noting "[s]everal appellate courts have found that, in a foreclosure action, the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient evidentiary support for a summary judgment in favor of the mortgagee"); *see, e.g., Wells Fargo Bank, N.A. v. Dawson*, 5th Dist. Stark No. 2013CA00095, 2014-Ohio-269, ¶ 19-22 (finding affidavit from bank's loan servicing agent was proper summary judgment evidence in foreclosure action); *Everbank v. Vanarnheim*, 3d Dist. Union No. 14-13-02, 2013-Ohio-3872, ¶ 39 (accepting as sufficient an affidavit from vice-president of bank's loan servicer averring that the bank was in possession of original promissory note).

{¶ 13} This court has also found affidavits from a loan servicing agent are proper summary judgment evidence in foreclosure actions. *See JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 25 (finding affidavit from servicing agent was proper summary judgment in a foreclosure action as it "comports with the requirements of Civ.R. 56(E)"); *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 28 (finding affidavit from loan servicing agent was proper summary judgment evidence in a foreclosure action); *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 13 (same); *Chase*

*Manhattan Mortg. Corp. v. Urquhart*, 12th Dist. Butler Nos. CA2004-04-098 and CA2004-10-271, 2005-Ohio-4627, ¶ 14 (same). Therefore, as the overwhelming evidence reveals Szymoniak's affidavit was proper summary judgment evidence, the Putmans' second argument is also without merit and overruled. Accordingly, as we find no merit to either of the two arguments advanced by the Putmans under their first assignment of error, the Putmans' first assignment of error is overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE A MATERIAL ISSUE OF FACT REMAINED FOR TRIAL REGARDING THE APPEARANCE OF THE ORIGINAL NOTE AND WHETHER OR NOT APPELLEE HAD STANDING TO BRING THE FORECLOSURE ACTION IN THE FIRST PLACE.

{¶ 16} In their second assignment of error, the Putmans argue the trial court erred by granting summary judgment to Bank of New York Mellon. We disagree.

{¶ 17} Summary judgment is a procedural device used to terminate litigation when there are no issues in a case requiring a formal trial. *Roberts v. RMB Ents., Inc.*, 197 Ohio App.3d 435, 2011-Ohio-6223, ¶ 6 (12th Dist.). On appeal, a trial court's decision granting summary judgment is reviewed de novo. *Moody v. Pilot Travel Ctrs., L.L.C.*, 12th Dist. Butler No. CA2011-07-141, 2012-Ohio-1478, ¶ 7, citing *Burgess v. Tackas*, 125 Ohio App.3d 294, 296 (8th Dist.1998). In applying the de novo standard, the appellate court is required to "us[e] the same standard that the trial court should have used, and * * * examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Bravard v. Curran*, 155 Ohio App.3d 713, 2004-Ohio-181, ¶ 9 (12th Dist.), quoting *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383 (8th Dist.1997).

{¶ 18} Pursuant to Civ.R. 56, a trial court may grant summary judgment only when (1)

there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to a conclusion that is adverse to the nonmoving party. *BAC Home Loans Servicing, L.P. v. Kolenich*, 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.). The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists. *Touhey v. Ed's Tree & Turf, L.L.C.*, 194 Ohio App.3d 800, 2011-Ohio-3432, ¶ 7 (12th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). Once this burden is met, the nonmoving party must then present evidence to show that there is some issue of material fact yet remaining for the trial court to resolve. *Smedley v. Discount Drug Mart, Inc.*, 190 Ohio App.3d 684, 2010-Ohio-5665, ¶ 11 (12th Dist.). In determining whether a genuine issue of material fact exists, the evidence must be construed in the nonmoving party's favor. *Walters v. Middletown Properties Co.*, 12th Dist. Butler No. CA2001-10-249, 2002-Ohio-3730, ¶ 10.

{¶ 19} The Putmans first argue the trial court erred by granting summary judgment to Bank of New York Mellon because the note attached to Syzmoniak's affidavit "was different in appearance" from the note originally attached to the complaint. However, the only difference between the note attached to the complaint and the note attached to Syzmoniak's affidavit is two small computer generated boxes highlighting the identity of the original lender as Countrywide Home Loans and the endorsement in blank from David A. Spector, the managing director of Countrywide Home Loans. Nothing about the terms of the note has been changed. Moreover, Mrs. Putman's initials and signature still appear on both documents. We fail to see how this minor difference between the two documents creates an issue of material fact. The Putmans' argument to the contrary is overruled.

{¶ 20} Next, the Putmans argue the trial court erred by granting summary judgment to Bank of New York Mellon because it did not have standing to pursue foreclosure on the

Property. "Standing is a preliminary inquiry that must be made before a trial court may consider the merits of a legal claim." *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 5, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9. Whether standing exits is a question of law that an appellate court reviews de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 21} The Ohio Supreme Court addressed the issue of standing in a foreclosure action in *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. In that case, the Ohio Supreme Court determined that a plaintiff lacked standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Id.* at ¶ 28. In so holding, the Ohio Supreme Court noted that "[i]t is an elementary concept of law that a party lacks standing to *invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶ 22. Accordingly, the Ohio Supreme Court found that a plaintiff must have standing at the time the complaint is filed and the lack of standing cannot be cured by "receipt of an assignment of the claim or by substitution of the real party in interest" pursuant to Civ.R. 17(A). *Id.* at ¶ 26 and ¶ 41.

{¶ 22} Based on the Ohio Supreme Court's decision in *Schwartzwald*, this court has determined that "a party may establish that it is the real party in interest with standing to invoke the jurisdiction of the common pleas court when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.'" (Emphasis sic.) *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13, appeal not accepted, 137 Ohio St.3d 1412, 2013-Ohio-5096; *BAC Home Loans, LP v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 14. In reaching this decision, we noted the Ohio Supreme Court's "'deliberate decision to use the

disjunctive word 'or' as opposed to the conjunctive word 'and' when discussing the interest [plaintiff] was required to establish at the time it filed the complaint' is significant" *Burke*, quoting *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21.

**{¶ 23}** After a thorough review of the record, we find Bank of New York Mellon established that it had standing at the time the complaint was filed by way of its interest in both the note and the mortgage, either of which were sufficient to establish the fact that Bank of New York Mellon had standing to prosecute this foreclosure action. Bank of New York Mellon is the current holder of the note, by virtue of its possession of the note indorsed in blank by David A. Spector, the managing director of Countrywide Home Loans. In addition, the mortgage and subsequent assignment from MERS attached to the complaint indicates Bank of New York Mellon had the mortgage assigned to it on November 28, 2011, over two months before the complaint was filed. Based upon the foregoing, Bank of New York Mellon demonstrated that it had an interest in both the note and mortgage at the time it commenced this foreclosure action, thereby establishing its standing to sue. The Putmans' argument to the contrary is without merit and overruled.

**{¶ 24}** The Putmans also argue the trial court erred by granting summary judgment to Bank of New York Mellon because the assignment of the mortgage from MERS to Bank of New York Mellon was invalid. The Putmans, however, lack standing to challenge the validity of the assignment from MERS to Bank of New York Mellon. *See U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39-40 (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and U.S. Bank); *Bank of New York Mellon Trust., Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35 (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and Bank of New York Mellon); *see also Duran v. Mortgage Electronic Registration*

*Systems, Inc.*, N.D.Ohio No. 3:12 CV 1801, 2013 WL 444450, *6 (Feb. 5, 2013) (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and Bank of America).

**{¶ 25}** Moreover, even if the Putmans could challenge this assignment, which they cannot, Ohio courts "have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee." *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 28; *see, e.g., SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 17 (finding standing was established to foreclose on property where MERS properly assigned its interest in the mortgage). By signing the mortgage, the Putmans contractually agreed that MERS possess the power to transfer rights in the Property. The Putmans' argument to the contrary is likewise without merit and overruled.

**{¶ 26}** Finally, the Putmans argue the trial court erred by granting summary judgment to Bank of New York Mellon where it failed to comply with all conditions precedent necessary to foreclose on the Property. As this court recently stated, once a plaintiff has demonstrated standing, thereby invoking the jurisdiction of the trial court, "in order to be entitled to judgment in a foreclosure action, the plaintiff must indeed prove it is the current holder of the note and mortgage, as well as, default, the amount owed, execution and delivery of the note and mortgage, and valid recording of the mortgage." *SRMOF 2009-1 Trust* at ¶ 16, citing *Kolenich*, 2011-Ohio-3345 at ¶ 17. However, after a thorough review of the record, we find Bank of New York Mellon has satisfied all of these conditions, and therefore, is entitled to foreclose on the Property. The Putmans' final argument is therefore also without merit and overruled.

**{¶ 27}** Judgment affirmed.

HENDRICKSON, J., concurs.

RINGLAND, P.J., concurs separately.

**RINGLAND, P.J., concurring separately.**

{¶ 28} I concur in the majority's analysis and resolution of appellants' first assignment of error. However, I write separately to concur in judgment only because I do not entirely agree with the majority's analysis of appellants' second assignment of error. I again wish to reiterate my position, as stated in my dissenting opinion in *SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, that in order to establish standing in a foreclosure action, a plaintiff must demonstrate, through evidence in the record, that it had an interest in *both* the note *and* the mortgage at the time it filed the complaint. *Lewis* at ¶ 32. I therefore disagree with the majority's statement that a plaintiff only needs to establish an interest in *either* the note *or* the mortgage at the time the complaint is filed in order to have standing to prosecute a foreclosure action. However, as the evidence in the record before us demonstrated that Bank of New York Mellon had an interest in both the note and mortgage at the time it filed the complaint, I agree with the majority's resolution of appellants' second assignment of error.