[Cite as *Bank of New York Mellon v. Burke*, 2013-Ohio-2860.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| BANK OF NEW YORK MELLON, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2012-12-245 |
| | : | O P I N I O N |
| - vs - | | 7/1/2013 |
| | : | |
| JEFF A. BURKE, et al., | : | |
| Defendants-Appellants. | : | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2011-05-1523


Jason A. Whitacre, Julie A. Terry, 4500 Courthouse Blvd., Suite 400, Stow, Ohio 44224, for plaintiff-appellee

Stephen D. Williger, 3900 Key Center, 127 Public Square, Cleveland, Ohio 44114-1291, for plaintiff-appellee

Michael L. Dillard, Jr., 41 South High Street, Suite 1700, Columbus, Ohio 43215, for plaintiff-appellee

Fred Miller, 246 High Street, Hamilton, Ohio 45011, for defendants-appellants

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for defendant, Butler County Treasurer


**HENDRICKSON, P.J.**

{¶ 1} Defendants-appellants, Jeff and Mary Jo Burke, appeal a decision of the Butler

County Common Pleas Court granting summary judgment in favor of plaintiff-appellee, Bank of New York Mellon, in a foreclosure suit.[1]

{¶ 2} On February 15, 2005, appellants executed an adjustable rate promissory note and mortgage (the "Note" and "Mortgage") in favor of SouthStar Funding, LLC in exchange for a loan in the amount of $320,000. The Mortgage was recorded in the Butler County Recorder's Office on February 24, 2005 and the Note contained an allonge, indorsing the Note in blank.

{¶ 3} The record reflects that on November 10, 2008, SouthStar Funding assigned the Note and Mortgage to Bank of New York Mellon, who recorded the assignment on January 22, 2009. On May 6, 2011, Bank of New York Mellon filed a complaint in foreclosure against appellants, alleging that appellants were in default under the terms of the Note and Mortgage, owing $319,966.11 plus interest at variable rates from September 1, 2008.

{¶ 4} On July 26, 2012, Bank of New York Mellon moved for summary judgment. Appellants filed a memorandum in opposition arguing that genuine issues of material fact exist as to whether Bank of New York Mellon is the real party in interest. In support of their arguments, appellants relied on an April 6, 2011 letter that appellants received from EMC Mortgage, a subsidiary of JP Mortgage Chase Bank ("Chase"). The letter stated that the servicer of appellants' loan had changed and that the "creditor to whom the balance [of appellants' loan] is owed is Wells Fargo Master." Appellants argued that, based upon this letter—received one month before the filing of the foreclosure action—a genuine issue of material fact existed as to whether the real party in interest was Chase, Wells Fargo Master, or Bank of New York Mellon. Bank of New York Mellon responded that the April 6, 2011 letter was insufficient to create a genuine issue of material fact that Chase or Wells Fargo

---

1. Pursuant to Loc.R. 6(A), we have sua sponte removed this appeal from the accelerated calendar.

Master had acquired the Note and Mortgage because the date of the letter was prior to the date of suit and Bank of New York Mellon was in possession of the Mortgage and Note, including the allonge indorsed in blank, at the time it commenced the foreclosure action.

{¶ 5} The trial court ruled in favor of Bank of New York Mellon, adopting the bank's position that the April 6, 2011 letter was not evidence that Bank of New York Mellon sold its Note and Mortgage to Wells Fargo Master or Chase. Specifically, the trial court pointed out that the letter did not reference a sale or purchase. Rather, the trial court found that "the purpose of the Letter was to notify [appellants] that their accounts switched servicers, as well as to provide appellants with the names and roles of the entities involved with their loan: Wells Fargo Master as the master servicer and Chase, acting as EMC Mortgage, as the sub-servicer." Thus, the trial court granted summary judgment in favor of Bank of New York Mellon.

{¶ 6} From the trial court's decision, appellants appeal, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANTS-APPELLANTS WHEN IT GRANTED SUMMARY JUDGMENT TO THE BANK OF NEW YORK [MELLON].

{¶ 8} In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of Bank of New York Mellon because genuine issues of material fact exist as to whether Bank of New York Mellon was the owner and holder of the Note and Mortgage at the time the complaint in foreclosure was filed. Specifically, appellants argue the April 6, 2011 letter indicates that Bank of New York Mellon was not the real party in interest or, in the least, a genuine issue of material fact exists as to which entity is the real party in interest.

{¶ 9} This court reviews a trial court's decision on summary judgment under a de

novo standard of review. *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. Summary judgment is proper when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C); *Sexton* at ¶ 7. The party requesting summary judgment bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact as to the essential elements of the nonmoving party's claims. *Sexton* at ¶ 7. Once a party moving for summary judgment has satisfied its initial burden, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Id.*; Civ.R. 56(E).

{¶ 10} Pursuant to Civ.R. 17(A), "[e]very action shall be prosecuted in the name of the real party in interest." *Sexton* at ¶ 9; *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 31. "A real party in interest is one who can 'discharge the claim upon which the suit is brought * * * [or] is the party who, by substantive law, possessed the right to be enforced.'" *Sexton* at ¶ 9, citing *BAC Home Loans Servicing, L.P. v. Hall*, 12th Dist. No. CA2009-10-135, 2010-Ohio-3472, ¶ 14. "The purpose behind the real party in interest rule is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." (Internal quotations omitted). *Schwartzwald* at ¶ 32, citing *Shealy v. Campbell,* 20 Ohio St.3d 23, 24-25 (1985).

{¶ 11} "Unless the party has some real interest in the subject matter of the action, the party lacks standing to invoke the jurisdiction of the court." *Sexton* at ¶ 9. Because "standing

to sue is required to invoke the jurisdiction of the common pleas court, 'standing is to be determined as of the commencement of suit.'" *Schwartzwald* at ¶ 24, quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 570-571, 112 S.Ct. 2130 (1992), fn. 5. Thus, "standing is determined as of the filing of the complaint." *Id.* at ¶ 27.

{¶ 12} Recently, the Ohio Supreme Court addressed the real party in interest and standing issues in the context of a foreclosure action. In *Schwartzwald*, the Ohio Supreme Court determined that the plaintiff, Federal Home Loans, was not the real party in interest with standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Id.* at ¶ 28.

{¶ 13} The Ohio Supreme Court's "deliberate decision to use the disjunctive word 'or' as opposed to the conjunctive word 'and' when discussing the interest Federal Homes Loans was required to establish at the time it filed the complaint" is significant. *CitiMortgage, Inc. v. Patterson*, 8th Dist. No. 98360, 2012-Ohio-5894, ¶ 21. Pursuant to the Ohio Supreme Court's holding in *Schwartzwald*, a party may establish that it is the real party in interest with standing to invoke the jurisdiction of the common pleas court when, "at the time it files its complaint of foreclosure*,* it either (1) has had a mortgage assigned *or* (2) is the holder of the note." (Emphasis sic.) *Id.*, citing *Schwartzwald* at ¶ 28. *See also Self Help Ventures Fund v. Jones*, 11th Dist. No. 2012-A-0014, 2013-Ohio-868, ¶ 17.

{¶ 14} In support of its summary judgment motion, Bank of New York Mellon submitted a copy of the Mortgage and Note along with the affidavits of two Chase vice-presidents, Lanier M. Jeffrey and Nicole L. Smiley, which indicated that Chase is the "servicing agent and custodian" for Bank of New York Mellon and that Bank of New York Mellon is in "actual possession of the original Promissory Note and Mortgage." Bank of New York Mellon also provided a copy of the November 10, 2008 duly executed "Assignment of Mortgage" transferring the Mortgage from Mortgage Electronic Registration Systems, Inc., "as nominee

for SouthStar Funding," to Bank of New York Mellon. The Assignment was recorded in the Butler County Recorder's Office on January 22, 2009. In addition, Bank of New York Mellon submitted a copy of an allonge to the Note, containing an indorsement by the "assistant vice-president" of SouthStar Funding in blank.

{¶ 15} Regardless of such evidence, appellants contend that a genuine issue of material fact remains, as the April 6, 2011 letter indicates that Wells Fargo Master is the "creditor" of appellants' loan. We find this argument unpersuasive.

{¶ 16} As stated in *Schwartzwald,* the real party in interest is determined at the time the complaint is filed. *Schwartzwald* at ¶ 28. In this case, at the time the complaint in foreclosure was filed, Bank of New York Mellon was in possession of (1) the Note and Mortgage, (2) a duly recorded assignment of the Note and Mortgage from SouthStar Funding to Bank of New York Mellon, and (3) an allonge indorsed in blank.[2] Because Bank of New York Mellon has possession of the Note and allonge indorsed in blank, it is the current holder with interest in the Note. Furthermore, because Bank of New York Mellon has a duly executed assignment of the Mortgage from SouthStar Funding to Bank of New York Mellon, it has established an interest in the Mortgage as well. Therefore, Bank of New York Mellon has established its interest in both the Note and the Mortgage at the time the complaint was filed. As *Schwartzwald* only requires a party to establish an interest in either the Note or the Mortgage at the time the complaint is filed to be the real party in interest, Bank of New York Mellon has satisfied the requirements of *Schwartzwald* and demonstrated that it is the real party in interest in this case.

{¶ 17} Although the April 6, 2011 letter presented by appellants does state that the

---

2. Pursuant to R.C. 1303.25(B), an allonge indorsed in blank converts the Note to bearer paper. Specifically, "[w]hen an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." R.C. 1303.25(B); *Cent. Mtge. Co. v. Webster,* 5th Dist. No. 2011CA00242, 2012-Ohio-4478, ¶ 28.

"creditor" to whom the balance of appellants' loan is now owed is Wells Fargo Master, the letter does not define the term creditor, does not indicate that Wells Fargo Master has purchased the Note and Mortgage from Bank of New York Mellon, and does not provide evidence of a new assignment of the Note and Mortgage. Furthermore, and most importantly, the letter was written and sent to appellants *prior* to the filing of the complaint in foreclosure. The relevant inquiry in a foreclosure action is whether, *at the time the complaint was filed*, Bank of New York Mellon had an interest in the Note or Mortgage to establish itself as the real party in interest with standing to invoke the jurisdiction of the common pleas court. Based upon the foregoing, we find that Bank of New York Mellon has sufficiently demonstrated its interest in both the Note and Mortgage in this case. As such, we find that genuine issues of material fact do not exist in this case and Bank of New York Mellon is entitled to judgment as a matter of law.

{¶ 18} Accordingly, appellants' sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.