[Cite as *SRMOF 2009-1 Trust v. Lewis*, 2014-Ohio-71.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| SRMOF 2009-1 TRUST, | : | |
| | | CASE NOS. CA2012-11-239 |
| Plaintiff-Appellee, | : | CA2013-05-068 |
| | : | O P I N I O N |
| - vs - | | 1/13/2014 |
| | : | |
| SHARI LEWIS, et al., | : | |
| Defendants-Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-08-3073

Reisenfeld & Associates, Rebecca N. Algenio, 3962 Red Bank Road, Cincinnati, Ohio 45227, for plaintiff-appellee

Andrew M. Engel, 7071 Corporate Way, Suite 201, Centerville, Ohio 45459, for defendant-appellant, Shari Lewis

Michael T. Gmoser, Butler County Prosecuting Attorney, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for defendant, Butler County Treasurer

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Shari Lewis, appeals two decisions of the Butler County Court of Common Pleas in favor of plaintiff-appellee, SRMOF 2009-1 Trust (Trust). Lewis appeals the trial court's decision (1) granting summary judgment and a decree of foreclosure in favor of the Trust, and (2) denying Lewis' motion to vacate that judgment. For the reasons

discussed below, we affirm the decisions of the trial court.

{¶ 2} On November 21, 2001, Lewis executed a promissory note in favor of First Union Mortgage Corporation (First Union) in the principal amount of $141,600.00, with interest of 7.00 percent per annum to purchase a home in Trenton, Ohio. The note was secured by a mortgage on the property. The mortgage was assigned multiple times, and ultimately it was assigned to the Trust on August 24, 2011.

{¶ 3} The Trust filed a complaint in foreclosure against Lewis on August 31, 2011. In the complaint, the Trust alleged that it was the holder of the note and mortgage on the subject property. Attached to the complaint was a copy of the originally executed note between Lewis and First Union. The note was endorsed in blank by First Union. Also attached to the complaint were copies of the recorded mortgage and several recorded assignments of the mortgage. The mortgage and subsequent assignments indicate that the mortgage was originally granted to Mortgage Electronic Registration Systems, Inc. (MERS) as nominee for First Union. On June 9, 2011, MERS, as nominee for First Union, assigned its interest in the mortgage to Wells Fargo Bank, N.A. (Wells Fargo), as successor by merger to Wachovia Bank, N.A. (Wachovia). On August 8, 2011, Wells Fargo assigned its interest in the mortgage to Selene Finance LP (Selene Finance). Selene Finance in turn assigned the mortgage to the Trust on August 24, 2011.

{¶ 4} On October 12, 2011, the Trust filed a motion for summary judgment. Before Lewis responded to the motion and during the course of discovery, she requested to inspect the original note. On July 19, 2012, the trial court ordered the Trust to present the original note "on the record as soon as Plaintiff has physical possession of it." According to the record, the original note could not be located, and therefore, on July 27, 2012, the Trust filed a "Notice of Filing Lost Note Affidavit." The Lost Note Affidavit and Indemnification

Agreement (Lost Note Affidavit) was executed by Wells Fargo and indicated that the originally executed note had been lost, destroyed, or was missing and as a result, Wells Fargo transferred to Selene Finance a certified copy of the note in lieu of the original. The certified copy of the note contained an allonge endorsed in blank by Wells Fargo. The Trust then filed an "amended motion for summary judgment" based on the Lost Note Affidavit. In this motion, the Trust asserted that "Plaintiff is the holder of the Note via the Lost Note Affidavit and blank indorsement from Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A., formerly known as First Union National Bank, and is thus entitled to enforce the Note."

{¶ 5} On August 28, 2012, the Trust withdrew its amended motion for summary judgment "on the grounds that the original Note has been located and Plaintiff wants to stand on its original Motion for Summary Judgment." Ultimately, the trial court granted the Trust's motion for summary judgment. In its decision granting the motion for summary judgment, the trial court noted that the original note and mortgage were presented in court for inspection by Lewis where she admitted the signatures on the documents were hers. The trial court "took judicial notice of the original Note and Mortgage and further noted that the Note contained a blank endorsement and that Plaintiff was the holder of this bearer paper by virtue of its possession of that Note."

{¶ 6} Thereafter, on October 31, 2012, the trial court filed the In rem Judgment Entry and Decree of Foreclosure ordering the sale of the property. In the judgment entry, the trial court ordered the Trust to be paid "the sum of $125,683.50 plus interest at the rate of 7.00000 percent per annum from April 1, 2010, together will all expenses and costs" from the proceeds of the sale of the property. Lewis appealed the trial court's October 31, 2012 judgment entry and the decision to grant summary judgment in favor of the Trust.

{¶ 7} On February 1, 2013, Lewis filed two motions. In the trial court, Lewis filed a motion to vacate judgment requesting the trial court vacate its In Rem Judgment Entry and Decree of Foreclosure entered on October 31, 2012, as well as the court's decision granting the Trust's motion for summary judgment entered on October 19, 2012. In her motion to vacate judgment, Lewis asserted the Trust did not have standing to prosecute this claim based on the Supreme Court's October 31, 2012 decision in *Fed. Loan Mtg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. Also on February 1, Lewis filed a motion in this court requesting the appeal to be remanded to the trial court for consideration of her motion to vacate judgment. This court granted Lewis' motion. Ultimately, however, the trial court denied Lewis' motion to vacate judgment. Lewis also appealed this decision by the trial court.

{¶ 8} There are two decisions on appeal before this court: (1) the trial court's decision to grant summary judgment and a decree of foreclosure, and (2) the trial court's decision to deny Lewis' motion to vacate. This court consolidated the two cases sua sponte. Lewis asserts two assignments of error for our review.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO SRMOF [2009-1 TRUST].

{¶ 11} In her first assignment of error, Lewis argues the trial court erred in granting summary judgment to the Trust because the Trust did not have standing under the note at the time the complaint was filed. Lewis also contends that the trial court's judgment entry and decree of foreclosure was not a final appealable order.

{¶ 12} In challenging the Trust's standing, Lewis first contends that the Trust only received an interest in the note after the complaint was filed when the original note was

located and endorsed over to the Trust. Lewis further argues that the Trust may not rely on the Lost Note Affidavit as the basis for an interest in the note at the time the complaint was filed as the Lost Note Affidavit failed to meet the requirements of R.C. 1303.38. Finally, Lewis contends that the assignment of the mortgage alone was insufficient to confer standing to the Trust.

{¶ 13} "Standing is a preliminary inquiry that must be made before a trial court may consider the merits of a legal claim." *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 5, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9. Whether standing exits is a question of law that an appellate court reviews de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 14} Recently, the Supreme Court of Ohio addressed the issue of standing in a foreclosure action. *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. In *Schwartzwald*, the Court determined the plaintiff lacked standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Blouse* at ¶ 8, quoting *Schwartzwald* at ¶ 28. "It is an elementary concept of law that a party lacks standing to *invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Schwartzwald* at ¶ 22. Accordingly, the court found that a plaintiff must have standing at the time the complaint is filed and the lack of standing cannot be cured by "receipt of an assignment of the claim or by substitution of the real party in interest" pursuant to Civ.R. 17(A). *Id.* at ¶ 26, ¶ 41.

{¶ 15} Based on the decision in *Schwartzwald*, this court has determined: "[A] party may establish that it is the real party in interest with standing to invoke the jurisdiction of the

common pleas court when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.'" (Emphasis sic.) *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13, *appeal not accepted*, *11/20/2013 Case Announcements*, 2013-Ohio-5096; *BAC Home Loans, LP v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 14; *JPMorgan Chase Bank, NA v. Carroll*, 12th Dist. Clinton No. CA2013-04-010, 2013-Ohio-5273, ¶ 15. *See also Schwartzwald* at ¶ 28; *Self Help Ventures Fund v. Jones*, 11th Dist. Ashtabula No. 2012-A-0014, 2013-Ohio-868, ¶ 17. In reaching this decision, we noted, the Ohio Supreme Court's "deliberate decision to use the disjunctive word 'or' as opposed to the conjunctive word 'and' when discussing the interest [plaintiff] was required to establish at the time it filed the complaint" is significant. *Burke* at ¶ 13, quoting *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21.

{¶ 16} While we note that the dissent raises legitimate concerns regarding the necessary requirements to establish standing, this Court, along with the Eighth, Eleventh, Tenth, Seventh, and Sixth Districts have all found that the plain language of *Schwartzwald* only requires a plaintiff to establish an interest in the note *or* mortgage at the time the suit is filed. *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13; *CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21; *Fed. Home Loan Mtg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24; *U.S. Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 27; *CitiMortgage, Inc. v. Loncar*, 7th Dist. Mahoning No. 11 MA 174, 2013-Ohio-2959, ¶ 15; *Bank of New York Mellon v. Matthews*, 6th Dist. Fulton No. F-12-008, 2013-Ohio-1707, ¶ 11. Until the Supreme Court overrules these cases, we will continue to apply the interpretation of *Schwartzwald* that this court announced in *Burke.* Moreover, although a

plaintiff may establish standing by showing an interest in the note *or* the mortgage, this is not to say that a plaintiff never has to show an interest in both the note and the mortgage. As mentioned above, standing is only a preliminary inquiry that must be made before a trial court may consider the merits of the claim. *Blouse* at ¶ 5. Once a plaintiff has demonstrated standing and therefore invoked the jurisdiction of the common pleas court, in order to be entitled to judgment in a foreclosure action, the plaintiff must indeed prove it is the current holder of the note and mortgage, as well as, default, the amount owed, execution and delivery of the note and mortgage, and valid recording of the mortgage. *See BAC Home Loans Serv., L.P. v. Kolenich,* 194 Ohio App.3d 777, 2011-Ohio-3345, ¶ 17 (12th Dist.).

{¶ 17} In the present case, even assuming Lewis' arguments with regard to the note and her challenges to the Lost Note Affidavit are true, we find the Trust established it had standing at the time the complaint was filed by way of the assignment of the mortgage. The mortgage and subsequent assignments attached to the complaint indicate that the Trust had the mortgage assigned to it on August 24, 2011. The mortgage was originally granted to MERS as nominee for First Union. On June 9, 2011, MERS, as nominee for First Union, assigned its interest in the mortgage to Wells Fargo, as successor by merger to Wachovia. On August 8, 2011, Wells Fargo assigned its interest in the mortgage to Selene Finance. Selene Finance in turn assigned the mortgage to the Trust on August 24, 2011. Accordingly, the Trust held the mortgage as it was assigned to the Trust seven days before the complaint was filed in this case. Contrary to Lewis' assertions, the mortgage alone was sufficient to establish the Trust had standing to prosecute this foreclosure action.

{¶ 18} Lewis also asserts within her first assignment of error that the trial court's failure to specify the dollar amount owed in late charges, advancements, maintenance, and costs rendered the judgment indefinite and therefore not a final appealable order. Lewis further

contends that the trial court's failure to completely determine the amount owed to the Trust in the judgment entry prevented her from exercising her right of redemption. The judgment entry by the trial court ordered, "$125,683.50 plus interest at the rate of 7.00000 percent per annum from April 1, 2010 together with late charges, advances for the protection and maintenance of the property and costs" to be paid to the Trust from the proceeds of the Sheriff's sale.

{¶ 19} This court has previously considered similar judgment entries which failed to include the specific amount awarded for advancements related to real estate taxes, insurance premiums, and property protection and has concluded that the failure to include such expenses within a judgment entry does not prevent the judgment from being final and appealable. *Washington Mut. Bank, F.A. v. Wallace*, 194 Ohio App.3d 549, 2011-Ohio-4174, ¶ 49 (12th Dist.), *rev'd on other grounds*, 134 Ohio St.3d 359, 2012-Ohio-5495.[1] Moreover, the failure to include specific amounts for these types of advancements does not interfere with the mortgagor's right of redemption. *Id.* at ¶ 45, 49. These additional amounts for late charges, maintenance, and advancements made on behalf of the mortgagor are continuously accruing through the date of the sheriff's sale. *Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 14; *First Horizon Loans v. Sims*, 12th Dist. Warren No. CA2009-08-117, 2010-Ohio-847, ¶ 25. As a result, "'[i]t would be beyond reason to hold a trial court or magistrate to a standard that insists they state a definite sum of redemption,' and that '[a]s long as the redemption value of a foreclosed property is ascertainable through normal diligence, the value, as stated by a finder of fact, will

---

1. The Supreme Court recently determined that a conflict exists on the following issue: "Whether a judgment decree in foreclosure is a final appealable order if it includes as part of the recoverable damages amounts advanced by the mortgagee for inspections, appraisals, property protection and maintenance, but does not include specific itemization of those amounts in the judgment." *CitiMortgage, Inc. v. Roznowski*, *02/06/2013 Case Announcements*, 2013-Ohio-347. Until the Supreme Court announces its decision in *Roznowski*, we will follow our prior precedent established in *Wallace.*

be upheld.'" *Wallace* at ¶ 48, quoting *Huntington Natl. Bank v. Shanker*, 8th Dist. Cuyahoga No. 72707, 1998 WL 269091, * 2 (May 21, 1998).

{¶ 20} Accordingly, based on this court's previous decisions in *Wallace* and *Sims*, we find no merit to the arguments advanced by Lewis.

{¶ 21} Based on the foregoing, Lewis' first assignment of error is overruled.

{¶ 22} Assignment of Error No. 2:

{¶ 23} THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S MOTION TO VACATE JUDGMENT.

{¶ 24} In her second assignment of error, Lewis challenges the trial court's decision to overrule her motion to vacate judgment again arguing that the Trust lacked standing at the time of the filing of the complaint. Lewis asserts the trial court did not have jurisdiction over the foreclosure proceeding as the Trust did not have standing. As discussed above, the Trust had standing by way of the assignment of the mortgage. *See Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13. The trial court therefore had jurisdiction over the foreclosure proceeding and properly denied Lewis' motion to vacate the judgment. *See Schwartzwald* at ¶ 22.

{¶ 25} Lewis' second assignment of error is overruled.

{¶ 26} Judgment affirmed.

PIPER, J., concurs.

RINGLAND, P.J., dissents.

**RINGLAND, P.J., dissenting.**

{¶ 27} I respectfully dissent from the majority's decision as the evidence in the record failed to establish that the Trust had an interest in both the note and the mortgage at the time

it filed the complaint. Accordingly, I would hold that the Trust failed to demonstrate standing at the commencement of this foreclosure action and remand the matter to the trial court with instructions to dismiss the complaint pursuant to the Supreme Court of Ohio's decision in *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 40.

{¶ 28} Although the majority cites *Schwartzwald* for the proposition that a plaintiff may establish standing in a foreclosure action by demonstrating that it has had the mortgage assigned *or* is the holder of the note, I find that this is an incorrect interpretation of law and the Supreme Court's decision *Schwartzwald*. Furthermore, I note there is a conflict among the districts regarding the interpretation of the necessary requirements to establish standing pursuant to *Schwartwald*. *Compare Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13 (finding that standing may be established by evidence that the plaintiff is the holder of the note *or* the mortgage) *with BAC Home Loans Servicing, LP v. McFerren*, 9th Dist. Summit No. 26384, 2013-Ohio-3228, ¶ 13 (holding a plaintiff must be the holder of the note *and* mortgage at the time it initiates the action in order to have standing); *see also CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21 (holding that a plaintiff may establish standing by evidence that it has had a mortgage assigned *or* is the holder of the note); *Fed. Home Loan Mtg. Corp. v. Koch*, 11th Dist. Geauga No. 2012-G-3084, 2013-Ohio-4423, ¶ 24 (holding that in order to establish standing a plaintiff must demonstrate an interest in the note *or* mortgage); *HSBC Bank USA v. Sherman*, 1st Dist. Hamilton No. C-120302, 2013-Ohio-4220, ¶ 16, 18 (rejecting the interpretation that a party may establish standing by showing either it is the assignee of the mortgage or that it is the holder of the note). Therefore, I urge the Supreme Court to provide courts of this state with the necessary guidance on this issue.

{¶ 29} As noted by the majority, the Supreme Court of Ohio in *Schwartzwald*

determined that a plaintiff in a foreclosure action must have standing at the time the complaint is filed in order to invoke the jurisdiction of the common pleas court. *Id.* at ¶ 24-25. "It is an elementary concept of law that a party lacks standing *to invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶ 22. Moreover, the Court found that a lack of standing cannot be cured by "post-filing events" that supply standing. *Id.* at ¶ 26. The lack of standing "cannot be cured by receipt of an assignment of the claim or by substitution of the real party in interest." *Id.* at ¶ 41. In *Schwartzwald*, the record did not establish that the plaintiff/bank was the holder of the note or mortgage when it filed the complaint. *Id.* at ¶ 28. As such, the bank "concede[d] that there was no evidence it suffered any injury at the time it commenced th[e] foreclosure action." *Id.* at ¶ 28. Thus, because the bank "failed to establish an interest in the note or mortgage at the time it filed suit, it had no standing to invoke the jurisdiction of the common pleas court." *Id.* Where I diverge with the majority is its reliance on this statement to support the proposition that a party may establish standing by showing either that it is an assignee of the mortgage or the holder of the note. *See Burke* at ¶ 13.

{¶ 30} As an initial matter, from a review of the facts of *Schwartzwald* and the issue presented before the court, it is apparent that the court did not intend to determine whether standing in a foreclosure action may be demonstrated by either the note or the mortgage alone. This specific question was not considered or even before the court. Rather, the precise issue before the court was whether: "In a mortgage foreclosure action, the lack of standing or real party in interest defect can be cured by the assignment of the mortgage prior to judgment." In addition, the trial court's reference to "or" resulted merely from the facts of the case and was not intended to be a statement of law. *See Schwartzwald* at ¶ 28. As

mentioned above, the bank conceded that it did not have an interest in the note or the mortgage when the complaint was filed. Rather, it was a month after the complaint was filed that the note and mortgage were assigned to the bank. *Schwartzwald* at ¶ 10. Accordingly, the court's statement that the bank "failed to establish an interest in the note or the mortgage" must be read in the context of the entire opinion and facts of the case.

{¶ 31} Furthermore, this court's holding that the mortgage alone is sufficient to evidence an injury, and therefore demonstrate standing, is contrary to the fundamental requirement of standing and long-standing foreclosure precedent. As explained in *Schwartzwald*, the fundamental requirement of standing is that the party bringing the action is actually the party who has suffered the injury. *See Schwartzwald* at ¶ 24. In addition, a long-standing foreclosure principle is that "the note and mortgage are inseparable; the former as essential, the latter as an incident." *Carpenter v. Longan*, 83 U.S. 271, 274, 21 L.Ed. 313 (1873). "An assignment of the note carries the mortgage with it, while an assignment of the [mortgage] alone is a nullity." *Id.* Accordingly, a party who only has the mortgage but no note has not suffered any injury given that bare possession of the mortgage does not endow its possessor with any enforceable right absent possession of the note. *McFerren* at ¶ 12; *see also* Restatement of the Law 3d, Property, Mortgages, Section 5.4(e), at 385 (1996) ("[I]n general a mortgage is unenforeceable if it is held by one who has no right to enforce the secured obligation"). While it is possible for an entity to assign a mortgage but not transfer the note, the practical effect of such a transaction is that it would be "impossible to foreclose the mortgage, unless the transferee is also made an agent or trustee of the transferor * * *." Restatement, Section 5.4(c), at 384; *see also* Christopher L. Peterson, *Two Faces: Demystifying the Mortgage Electronic Registration Systems' Land Title Theory*, 53 Wm. & Mary L.Rev. 111, 119 (2011), fn. 34 (referencing cases from multiple jurisdictions finding that

the note and mortgage are inseparable and that the assignment of a mortgage alone is a nullity).  Given that a note and mortgage are inseparable and that a party who merely holds the mortgage suffers no injury, I do not believe the Supreme Court intended to imply that possession of the mortgage alone is sufficient to establish standing.  *See McFerren* at ¶ 12.

{¶ 32} Based on the foregoing, I would conclude that *Schwartzwald* did not overturn long-standing precedent.  In order to establish standing in a foreclosure action, a plaintiff must demonstrate, through evidence in the record, that it had an interest in both the note *and* the mortgage at the time it filed the complaint.

{¶ 33} In the present case, as noted by the majority, the Trust demonstrated it had an interest in the mortgage prior to the filing of the complaint by attaching the mortgage and the subsequent assignments of the mortgage to the complaint.  These documents demonstrated the chain of title from the originating entity, MERS, as nominee for First Union, and finally ending with the assignment to the Trust.  The note, however, is more problematic.

{¶ 34} From my review of the record, there is a lack of evidence which demonstrates that the Trust obtained an interest in the note prior to the filing of the complaint in this case.  First, the Trust was not a holder of the note when the complaint was filed as it was not in possession of the note.  *See* R.C. 1301.01(T)(1)(a) and R.C. 1303.25(B) (A holder includes a person in possession of an instrument payable to bearer).  The Trust obtained possession of the original note, endorsed in blank, almost a year after the filing of the complaint when Wells Fargo located the original note and endorsed it over to the Trust.  Therefore, at this time, the Trust became a holder as it was in possession of bearer paper.  However, this constitutes a post-filing event which cannot be the basis for the Trust's standing in this case.  *See Schwartzwald* at ¶ 26.  Accordingly, in order to demonstrate standing, the Trust was required to demonstrate that it had an interest in the note and was entitled to enforce the note by way

of the Lost Note Affidavit.

{¶ 35} R.C. 1303.38 indeed permits a person who is not in possession of an instrument to still enforce a note that has been lost, destroyed, or stolen.[2] Although the Trust is not the entity which lost the note, I find that an assignee of a promissory note that was not in possession of the note at the time it was misplaced, lost, or destroyed may still enforce the note pursuant to R.C. 1303.38 if, before the assignment, the assignor was entitled to enforce the note. *See Atlantic National Trust, LLC v. McNamee*, 984 So.2d 375 (Ala.2007). Consequently, the Trust's ability to enforce the note at the time the complaint was filed, turns on whether the Lost Note Affidavit met the requirements under R.C. 1303.38.

{¶ 36} As noted by Lewis, the Lost Note Affidavit executed by Wells Fargo failed to aver that it was in possession and entitled to enforce the note at the time it was lost. *See* R.C 1303.38(A)(1). However, the failure to include this specific averment was not necessarily fatal to the affidavit. If the combined allegations in the affidavit along with the certified copy of the originally executed note would have indicated that Wells Fargo was indeed the holder, this would have been sufficient to establish the requirements under R.C. 1303.38 (A)(1). *See EquiCredit Corp. of Am. v. Provo*, 6th Dist. Lucas No. L-03-1217, 2006-Ohio-3981 (finding that the combined allegations in the affidavits by the plaintiff bank met the requirements of

---

2. Under R.C. 1303.38:

> (A) A person who is not in possession of an instrument is entitled to enforce the instrument if all of the following apply:
>
> (1) The person was in possession of the instrument and entitled to enforce it when loss of possession occurred.
>
> (2) The loss of possession was not the result of a transfer by the person or a lawful seizure.
>
> (3) The person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amendable to service.

R.C. 1303.38 (A)(1) as the allegations demonstrated it was the holder, and therefore by definition, in possession and entitled to enforce the instrument). In the present case, although Wells Fargo attached a certified copy of a note endorsed in blank, this was insufficient to demonstrate its holder status as one must be also be in possession of a note endorsed in blank to be the holder. There is some indication that First Union may have merged into Wells Fargo and therefore Wells Fargo essentially stood in the shoes of First Union and would arguably be entitled to enforce the note. *See Acordia of Ohio, L.L.C. v. Fishel,* 133 Ohio St.3d 356, 2012-Ohio-4648, ¶ 7 ("[T]he absorbed company becomes a part of the resulting company following merger [and] the merged company has the ability to enforce * * * agreements as if the resulting company had stepped in the shoes of the absorbed company"). However, the Trust failed to provide merger documents or other properly authenticated evidence of the merger of these entities. As a result, there is simply a lack of evidence to indicate that Wells Fargo effectively transferred its interest in the lost note to Selene Finance as the affidavit failed to meet the requirements under R.C. 1303.38.

{¶ 37} Moreover, even if the affidavit was sufficient under R.C. 1303.38, the Lost Note Affidavit executed by Wells Fargo was in favor of Selene Finance. There is nothing in the record which indicates when or if Selene Finance transferred this Lost Note Affidavit and therefore the ability to enforce the note, over to the Trust. The trial court found that the same day the Lost Note Affidavit was executed in favor of Selene Finance, it was placed in the Trust. Beyond the fact that the Lost Note Affidavit was found in the business records of the Trust, there is simply no evidence in the record to support this conclusion.

{¶ 38} Based on the foregoing, the evidence in the record failed to establish that the Trust had an interest in the note at the time it filed the complaint. As the Trust did not have an interest in both the note and mortgage, it did not have standing to invoke the jurisdiction of

the common pleas court.  Therefore, as indicated above, I would have remanded the matter to the trial court with instructions to dismiss the complaint pursuant to the Supreme Court of Ohio's decision in *Schwartzwald.*