[Cite as *BAC Home Loans Servicing, L.P. v. Mapp*, 2014-Ohio-2005.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| BAC HOME LOANS SERVICING, L.P. f.k.a. COUNTRYWIDE HOME LOANS SERVICING, L.P., | : : | CASE NO. CA2013-10-193 |
| Plaintiff-Appellee, | : : | O P I N I O N 5/12/2014 |
| - vs - | : : |  |
| CURTIS MAPP, et al., | : |  |
| Defendants-Appellants. | : |  |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2010 09 4025

Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Mike L. Wiery and Rachel M. Kuhn, 30455 Solon Road, Solon, Ohio 44139, for plaintiff-appellee

Law Office of Joseph C. Lucas, LLC, John R. Glankler and Tyler W. Kahler, 10921 Reed Hartman Highway, Suite 213, Cincinnati, Ohio 45242, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Curtis Mapp, appeals from the decision of the Butler County Court of Common Pleas denying his motion to vacate a void judgment upon remand, as well as its decision denying his Civ.R. 60(B) motion for relief from judgment granted in favor of plaintiff-appellee, Bank of America, N.A. (Bank of America), successor by merger to

BAC Home Loans Servicing, L.P. (BAC), f.k.a. Countrywide Home Loans Servicing, L.P., in this foreclosure action. For the reasons outlined below, we affirm.

{¶ 2} On July 2, 2008, Mapp executed an adjustable rate promissory note in favor of Countrywide Bank, FSB (Countrywide Bank), in the amount of $284,200 for the purchase of real property located in Butler County, Ohio. The note was secured by an open-end mortgage that designated Mapp as the mortgagor, Countrywide Bank as the lender, and Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee. According to the mortgage documents, MERS was acting as a nominee for Countrywide Bank, as well as any of its successors and assigns. The mortgage documents also specifically noted that "Borrower does hereby mortgage * * * the following described property located in Butler County, Ohio: SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF." Exhibit A, attached as the final page of the mortgage documents, referenced two parcels of real property commonly known as 7 Brushback Court, Fairfield, Butler County, Ohio. The mortgage documents were subsequently recorded on July 10, 2008.

{¶ 3} On April 27, 2009, Countrywide Bank converted to Countrywide Bank N.A., and merged with Bank of America. Following the merger, on February 1, 2010, Mapp defaulted on the loan and payment on the loan was accelerated. Several months later, on May 28, 2010, MERS assigned the mortgage to BAC, together with the note secured thereby. On September 28, 2010, BAC filed a complaint for foreclosure on the property. Attached to the complaint was the originally executed note signed by Mapp that was indorsed in blank by Laurie Mecer, a senior vice president with Countrywide Bank, now Bank of America. The assignment of the mortgage to BAC, as well as a copy of the mortgage itself, was also attached to the complaint.

{¶ 4} After the complaint in foreclosure was filed by BAC, Mapp, appearing pro se, filed a short letter with the trial court. As part of this letter, Mapp referenced the downturn in

his business and his plans to restructure the business to stay competitive. The trial court construed Mapp's letter as an answer to BAC's complaint. Several months later, on July 1, 2011, BAC also merged into Bank of America. Bank of America was then substituted as plaintiff on September 28, 2011.

{¶ 5} After being substituted as plaintiff, Bank of America, now successor by merger to both Countrywide Bank, the original lender, and BAC, the assignee of the mortgage, filed a motion for summary judgment. Included with its motion for summary judgment was an affidavit from Brendan Yeckley, an officer with Bank of America, who testified about his personal knowledge of Mapp's mortgage loan and subsequent default. Mapp did not respond to Bank of America's motion. After not receiving any response, the trial court granted Bank of America's motion for summary judgment in its entirety. As part of that decision, the trial court granted judgment to Bank of America in the amount of $276,924.21 plus interest, and ordered the sale of the mortgaged property.

{¶ 6} On June 13, 2012, over seven months after the trial court had granted judgment to Bank of America, successor by merger to BAC, Mapp filed a pro se motion to dismiss. As part of the motion, Mapp argued that BAC had no standing to proceed with the foreclosure action at the time it filed its complaint. The trial court denied Mapp's motion after finding it lacked jurisdiction to rule on the matter once final judgment was entered. In so holding, the trial court stated:

> Except for the relief offered by Civ.R. 60(B), which does not go to the merits of a claim and is not invoked here, a trial court is deprived of jurisdiction to take any further action in a matter after its final judgment disposing of all claims in the action is journalized.

{¶ 7} On October 25, 2012, Mapp, who was now represented by counsel, filed a motion seeking relief from judgment pursuant to Civ.R. 60(B)(1), (3) and (5). As part of this motion, Mapp argued Bank of America, as successor by merger with BAC, lacked standing to

- 3 -

bring the foreclosure action and/or that BAC was not a real party in interest at the time the complaint was filed. The trial court denied Mapp's motion without a hearing. In so holding, the trial court found that even though the motion was filed within a reasonable time, Mapp had failed to establish that he had a meritorious defense, thereby entitling him to relief. Mapp then appealed.

{¶ 8} On appeal, this court found the portion of Mapp's Civ.R. 60(B) motion challenging Bank of America's standing, although captioned as a motion for relief from judgment, was "in substance a motion to vacate a void judgment because it challenged the trial court's jurisdiction." *BAC Home Loans, LP v. Mapp*, 12th Dist. Butler No. CA2013-01-001, 2013-Ohio-2968, ¶ 11. This court then stated, in pertinent part, the following:

> An Ohio court has inherent power to vacate its own void judgment irrespective of Civ.R. 60(B). Therefore, it was not incumbent upon Mapp to establish a basis for relief under Civ.R. 60(B) by showing a meritorious defense. Rather, what is at issue is whether the trial court had jurisdiction over the foreclosure proceeding or whether it lacked such jurisdiction because [Bank of America, successor by merger to BAC,] lacked standing to file the foreclosure complaint.

In light of this holding, we reversed the trial court's finding that Bank of America's alleged lack of standing did not constitute a meritorious defense under Civ.R. 60(B), as opposed to a jurisdictional challenge. This court then remanded the matter to the trial court "for a hearing to determine [Bank of America's] standing to sue, and correspondingly whether the trial court had jurisdiction over the foreclosure proceedings." *Id.* at ¶ 14.

{¶ 9} On August 12, 2013, the trial court held a hearing on Mapp's motion to vacate judgment. Following this hearing, Bank of America submitted a memorandum in support of standing, as well as an affidavit from Jessica L. Eisenhuth, another officer with Bank of America. As part of that affidavit, Eisenhuth explicitly stated that Bank of America, successor by merger to BAC, "held the note and mortgage at the time of filing the foreclosure

complaint." Attached to the affidavit were copies of the original note, mortgage, as well as a number of documents referencing the merger of BAC and Countrywide Bank with Bank of America. Mapp did not submit any additional documentation or evidence to the trial court to refute BAC's standing to pursue foreclosure at the time the complaint was filed.

{¶ 10} On September 30, 2013, the trial court issued its decision denying Mapp's motion to vacate. In so holding, the trial court found "BAC clearly had standing at the time it filed this foreclosure action," by virtue of its possession of the note indorsed in blank by Laurie Mecer, a senior vice president with Countrywide Bank, now Bank of America. Mapp appeals from the trial court's decision denying both his motion to vacate, as well as his Civ.R. 60(B) motion for relief from judgment, raising four assignments of error for review. For ease of discussion, Mapp's second, third and fourth assignments of error will be addressed together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT PLAINTIFF/APPELLEE HAD STANDING TO BRING A FORECLOSURE ACTION WHEN EVIDENCE DEMONSTRATED THAT THE PARTY ASSIGNING THE MORTGAGE AT ISSUE IN THIS CASE DID NOT HAVE AUTHORITY TO ASSIGN THE MORTGAGE, AND THAT PLAINTIFF/APPELLEE WAS NOT THE PROPER HOLDER OF THE PROMISSORY NOTE AT ISSUE IN THIS CASE.

{¶ 13} In his first assignment of error, Mapp argues the trial court erred by denying his motion to vacate because BAC lacked standing to pursue foreclosure at the time the complaint was filed. In support of this claim, Mapp argues Bank of America, successor by merger to BAC, provided insufficient evidence it was the holder of the note, thereby entitling it to pursue foreclosure by virtue of its possession of the note. We disagree.

{¶ 14} "Standing is a preliminary inquiry that must be made before a trial court may

consider the merits of a legal claim." *Bank of New York Mellon v. Blouse*, 12th Dist. Fayette No. CA2013-02-002, 2013-Ohio-4537, ¶ 5, quoting *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 9. Whether standing exists is a question of law that an appellate court reviews de novo. *Fifth Third Mtge. Co. v. Bell*, 12th Dist. Madison No. CA2013-02-003, 2013-Ohio-3678, ¶ 13.

{¶ 15} The Ohio Supreme Court addressed the issue of standing in a foreclosure action in *Federal Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017. In that case, the Ohio Supreme Court determined that a plaintiff lacked standing to invoke the jurisdiction of the common pleas court because "it failed to establish an interest in the note or mortgage at the time it filed suit." *Id.* at ¶ 28. In so holding, the Ohio Supreme Court noted that "[i]t is an elementary concept of law that a party lacks standing to *invoke the jurisdiction* of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." (Emphasis sic.) *Id.* at ¶ 22. Accordingly, the Ohio Supreme Court found that a plaintiff must have standing at the time the complaint is filed and the lack of standing cannot be cured by "receipt of an assignment of the claim or by substitution of the real party in interest" pursuant to Civ.R. 17(A). *Id.* at ¶ 26 and ¶ 41.

{¶ 16} Based on the Ohio Supreme Court's decision in *Schwartzwald*, this court has determined that "a party may establish that it is the real party in interest with standing to invoke the jurisdiction of the common pleas court when, 'at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned *or* (2) is the holder of the note.'" (Emphasis sic.) *Bank of New York Mellon v. Burke*, 12th Dist. Butler No. CA2012-12-245, 2013-Ohio-2860, ¶ 13, appeal not accepted, 137 Ohio St.3d 1412, 2013-Ohio-5096. In reaching this decision, we noted the Ohio Supreme Court's "'deliberate decision to use the disjunctive word 'or' as opposed to the conjunctive word 'and' when discussing the interest [plaintiff] was required to establish at the time it filed the complaint' is significant" *Id.*, quoting

*CitiMortgage, Inc. v. Patterson*, 8th Dist. Cuyahoga No. 98360, 2012-Ohio-5894, ¶ 21.

{¶ 17} After a thorough review of the record, we find Bank of America, successor by merger to BAC, established that it had standing at the time the complaint was filed by way of its interest in both the note and the mortgage, either of which were sufficient to establish the fact that it had standing to prosecute this foreclosure action. Bank of America is the current holder of the note, by virtue of its possession of the note indorsed in blank by Laurie Mecer, a senior vice president with Countrywide Bank. Prior to its merger with Bank of America, BAC attached a copy of the note to its complaint. BAC also submitted affidavits from Brendan Yeckley and Jessica L. Eisenhuth, officers with Bank of America, successor by merger to both Countrywide Bank and BAC, who specifically stated BAC was in possession of the note at the time the complaint was filed. Mapp provided no evidence to refute these claims.

{¶ 18} Moreover, although we need not reach this issue in light of Bank of America's status as the holder of the note, we find BAC also had an interest in the mortgage at the time the complaint was filed. As noted above, on May 28, 2010, MERS assigned the mortgage to BAC, together with the note secured thereby. While the assignment indicates MERS, the mortgagee, was acting solely as nominee for Countrywide Bank, the mortgage documents clearly state that MERS was acting as a nominee for Countrywide Bank, as well as any of its successors and assigns.

{¶ 19} Ohio courts, including this court, "have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee." *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 25, quoting *BAC Home Loans Servicing, L.P. v. Haas*, 3d Dist. Marion No. 9-13-40, 2014-Ohio-438, ¶ 28; *see, e.g., SRMOF 2009-1 Trust v. Lewis*, 12th Dist. Butler Nos. CA2012-11-239 and CA2013-05-068, 2014-Ohio-71, ¶ 17 (finding standing was established to foreclose on property where MERS properly assigned its interest in the mortgage). Such is the case

here. In turn, we find the failure to include specific language within the mortgage assignment that MERS was acting on behalf of Countrywide Bank's successors and assigns has no impact on the validity of this assignment and is, at worst, a clerical error on the part of MERS.

{¶ 20} Such a finding is further supported by the fact that Countrywide Bank, the original lender, and BAC, the assignee of the mortgage, both merged with Bank of America, the substitute plaintiff in this case, after the complaint was filed. *See generally Bank of Am. v. Eten*, 12th Dist. Butler No. CA2013-05-087, 2014-Ohio-987 (finding Bank of America had standing to pursue foreclosure where it provided sufficient evidence it had an interest in the note and mortgage at the time the complaint in foreclosure was filed after it merged with BAC). Therefore, having found BAC established it had standing at the time the complaint was filed by way of its interest in both the note and the mortgage, we find no error in the trial court's decision denying Mapp's motion to vacate judgment. Accordingly, Mapp's first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(1), WHICH ASSERTED THAT CURTIS MAPP HAD EXCUSABLY NEGLECTED THE CASE AND HAD MERITORIOUS DEFENSES TO PRESENT IF RELIEF WAS GRANTED, INCLUDING (1) THAT THE AMOUNT OF THE JUDGMENT WAS IN EXCESS OF ANY AMOUNT OWED, (2) THAT PLAINTIFF LACKED STANDING OR WAS NOT THE REAL PARTY IN INTEREST, AND (3) THAT THE MORTGAGE AND NOTE DOCUMENTS WERE FORGED OR TAMPERED WITH TO THE EXTENT THAT THE DOCUMENTS PURPORT TO PERTAIN TO MORE THAN ONE PARCEL OF LAND.

{¶ 23} Assignment of Error No. 3:

{¶ 24} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE

MOTION MADE PURSUANT TO CIV.R. 60(B)(3) WHERE FRAUD, MISREPRESENTATION AND/OR MISCONDUCT OF AN ADVERSE PARTY IS PRESENT BASED UPON THE PURPORTED MORTGAGE OF TWO PARCELS, WHERE THE MORTGAGE WAS TO BE FOR ONLY ONE PARCEL, AS DEMONSTRATED BY THE SECOND PAGE OF THE OPEN-END MORTGAGE.

{¶ 25} Assignment of Error No. 4:

{¶ 26} THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT DENIED THE MOTION MADE PURSUANT TO CIV.R. 60(B)(5), WHICH CHALLENGED THE AMOUNT OF THE JUDGMENT.

{¶ 27} In his second, third and fourth assignments of error, Mapp argues the trial court erred by denying his motion for relief from judgment brought pursuant to Civ.R. 60(B)(1), (3) and (5). We disagree.

{¶ 28} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that (1) it has a meritorious defense or claim to present if relief is granted, (2) it is entitled to relief under one of the five grounds set forth in Civ.R. 60(B)(1) through (5), and (3) the motion is made within a reasonable time. *Aurora Loan Servs. v. Brown*, 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, ¶ 35, citing *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 150-151 (1976). "The three requirements necessary to sustain a Civ.R. 60(B) claim are independent and conjunctive." *Carrelli v. Goodwin*, 12th Dist. Clinton No. CA93-12-038, 1994 WL 409636, *1 (Aug. 8, 1994). Therefore, the movant must establish all three requirements in ordered to be entitled to relief. *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 13.

{¶ 29} "An appellate court reviews a trial court's decision on a Civ.R. 60(B) motion using the abuse-of-discretion standard." *U.S. Bank, N.A. v. Kapitula*, 12th Dist. Clermont No. CA2012-08-058, 2013-Ohio-2638, ¶ 8, citing *LNV Corp. v. Edgar*, 12th Dist. Butler No.

CA2011-10-190, 2012-Ohio-1899, ¶ 16. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Bank of New York v. Blanton*, 12th Dist. Clermont No. CA2011-03-019, 2012-Ohio-1597, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying an abuse of discretion standard, we are not free to merely substitute our judgment for that of the trial court. *Morrison v. Robinson*, 12th Dist. Fayette No. CA2012-06-019, 2013-Ohio-453, ¶ 26, citing *Davis v. Flickinger*, 77 Ohio St.3d 415, 418 (1997).

**{¶ 30}** After a thorough review of the record, we find the trial court did not abuse its discretion by denying Mapp's motion for relief from judgment as he has failed to present the necessary operative facts in order to establish a meritorious defense. "In order to establish a meritorious defense, a moving party 'must present operative facts that demonstrate the existence of a meritorious defense or claim.'" *Fifth Third Bank v. Schoessler's Supply Room, L.L.C.*, 190 Ohio App.3d 1, 2010-Ohio-4074, ¶ 13 (12th Dist.), quoting *Natl. City Bank v. Rini*, 162 Ohio App.3d 662, 2005-Ohio-4041, ¶ 20 (11th Dist.). "If a party who seeks relief from judgment does not present operative facts or presents facts of limited or meager quality, then a trial court is justified in denying relief because that party has failed to meet its burden of asserting facts entitling the party to relief." *Whittle v. Davis*, 12th Dist. Butler No. CA2013-08-153, 2014-Ohio-445, ¶ 22, quoting *Bank of New York Mellon v. Stefanidis*, 10th Dist. Franklin No. 11AP-157, 2011-Ohio-6455, ¶ 12.

**{¶ 31}** Here, in addition to his claim regarding BAC's standing addressed above, Mapp merely argued he has a meritorious defense pertaining to the alleged "fraudulent nature of the mortgage documents." According to Mapp, the mortgage documents have been forged, altered or otherwise tampered with since he only intended to mortgage one parcel of property, whereas Exhibit A attached to the mortgage documents references two parcels of property. However, as noted previously, the mortgage documents at issue here clearly state

that "Borrower does hereby mortgage * * * the following described property located in Butler County, Ohio: SEE EXHIBIT 'A' ATTACHED HERETO AND MADE A PART HEREOF." Exhibit A references two parcels of property commonly known as 7 Brushback Court, Fairfield, Butler County, Ohio. Mapp's initials appear on the mortgage document referencing Exhibit A, a document that was also recorded as part of the mortgage.

{¶ 32} Beyond his own general allegations to the contrary, Mapp has provided no evidence to support his claim that the mortgage documents were somehow forged, altered or otherwise tampered with. "Mere general allegations and mere conclusions of law are not sufficient to justify relief from judgment." *Tri-County Pavings, Inc. v. Everman*, 12th Dist. Fayette No. CA91-11-024, 1992 WL 126260, *1 (June 8, 1992). In turn, just as the trial court found, "without more specific allegations establishing a forgery or alteration, Mapp's assertion is insufficient to meet his burd[e]n of establishing operative facts showing that he has a meritorious defense." We find no error in the trial court's decision. Mapp's first argument is therefore without merit and overruled.

{¶ 33} Moreover, we find Mapp has also failed to demonstrate that he was entitled to relief under Civ.R. 60(B)(1), (3) or (5). Mapp argues the trial court erred by denying his motion for relief from judgment under Civ.R. 60(B)(1) because his failure to respond to Bank of America's motion for summary judgment constitutes excusable neglect. Mapp, however, never once claimed he was unaware of the fact that Bank of America had filed the motion for summary judgment against him. Instead, Mapp merely claimed he was distracted due to significant changes in his business and by his impending divorce. Mapp's failure to submit a timely response to Bank of America's motion for summary judgment was an intentional decision on his part to ignore the action. As a result, Mapp's failure to respond simply cannot be said to constitute excusable neglect. The fact that Mapp appeared pro se does not change this finding as he was subject to the same rules and procedures as those

- 11 -

represented by counsel. Therefore, Mapp's second argument is likewise overruled.

{¶ 34} In addition, as it relates to his claims under Civ.R. 60(B)(3) and (5), Mapp argues BAC perpetrated a fraud upon the court through the fraudulent assignment of the mortgage from MERS to BAC. Mapp, however, lacks standing to challenge the validity of the assignment from MERS to BAC. *See U.S. Bank, N.A. v. Lawson*, 5th Dist. Delaware No. 13CAE030021, 2014-Ohio-463, ¶ 39-40 (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and U.S. Bank); *Bank of New York Mellon Trust., Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35 (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and Bank of New York Mellon); *see also Duran v. Mortgage Electronic Registration Systems, Inc.*, N.D.Ohio No. 3:12 CV 1801, 2013 WL 444450, *6 (Feb. 5, 2013) (finding mortgagor lacked standing to challenge an assignment of a mortgage between MERS and Bank of America).

{¶ 35} Furthermore, and as noted above, even if Mapp could challenge this assignment, which he cannot, Ohio courts "have consistently held that MERS has authority to assign a mortgage when it is designated as both a nominee and mortgagee." *Haas*, 2014-Ohio-438 at ¶ 28; *see, e.g., SRMOF 2009-1 Trust*, 2014-Ohio-71 at ¶ 17 (finding standing was established to foreclose on property where MERS properly assigned its interest in the mortgage). By signing the mortgage, Mapp contractually agreed that MERS possesses the power to transfer rights in the subject property. Mapp's third argument is also without merit and overruled.

{¶ 36} Finally, Mapp argues his motion for relief from judgment should be granted because the evidence presented was insufficient to support the damages awarded. Bank of America, however, attached the relevant documentation to its motion for summary judgment evidencing the payment history of the loan through the affidavit from Brendan Yeckley, an officer of Bank of America, successor by merger to BAC. Mapp provided absolutely no

evidence to the contrary. The affidavit and attached documents are more than sufficient to establish the damages awarded to Bank of America. Therefore, Mapp's final argument is without merit and overruled.

{¶ 37} Having found no merit to any of the arguments advanced by Mapp as part of his second, third and fourth assignments of error, Mapp's second, third and fourth assignments of error are overruled.

{¶ 38} Judgment affirmed.

HENDRICKSON, J., concurs.

RINGLAND, P.J., concurs separately.

**RINGLAND, P.J., concurring separately.**

{¶ 39} Based on my previous concurring opinion in *Bank of New York Mellon v. Putnam*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, I concur in the majority's opinion since plaintiff owned the mortgage and note.